IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DOMINIC MUSARRA,** *et al*. | : | |
| | : | |
| Plaintiffs, | : | Case No. C2-05-545 |
| | : | |
| v. | : | JUDGE ALGENON MARBLEY |
| | : | |
| **DIGITAL DISH, INC.,** | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

## ORDER

This matter comes before the Court on Plaintiffs' Emergency Motion to Alter Judgment and Plaintiffs' Motion for a Status Conference. The parties appeared before the Court for an emergency status conference on the morning of October 11, 2006, to discuss the issues raised in Plaintiffs' Emergency Motion. The matter is now ripe for this Court's review.

This Court issued a September 28, 2006 Opinion and Order (the "September 28 Opinion") **GRANTING** Defendants' Motion for Partial Summary Judgment on the applicability of the Motor Carrier Act exemption to Plaintiffs' Fair Labor Standards Act ("FLSA") overtime claims. In the September 28 Opinion, the Court dismissed Plaintiffs' case *in toto*, although it intended to dismiss only Plaintiffs' FLSA overtime claims. Though the applicability of the Motor Carrier Act exemption to Digital Dish technicians caused the Court to dismiss Plaintiffs' FLSA overtime claims, Plaintiffs' federal and state minimum wage claims remain intact. Thus, the Court **GRANTS** Plaintiffs' request that the Court re-instate their federal minimum wage claims (count two of Plaintiffs' Complaint), and their corresponding state minimum wage claims (count three of Plaintiffs' Complaint).

-1-

In granting Plaintiffs' request, however, the Court must also consider the parties' disagreement as to whether Plaintiffs' minimum wage claims are *individual* claims or *collective action* claims. Plaintiffs assert that the minimum wage claims are collective action claims, and that they should be reinstated to apply to the named plaintiffs, as well as any other plaintiffs who have yet to opt-in to the suit. Defendants argue that Plaintiffs failed to allege properly their minimum wage claims as collective action claims in the Complaint, and that, therefore, those claims can be reinstated as individual claims only.

Accordingly, the Court reinstates Plaintiffs' federal and state minimum wage claims as *individual* claims, and **GRANTS** Plaintiffs leave to file a Motion to Amend the Complaint. In the Motion to Amend, Plaintiffs should address the following issues: (1) whether Plaintiffs' minimum wage claims should be reinstated as individual or collective action claims; (2) whether Plaintiffs properly added Mr. Brian Westfall and Mr. Michael Nakonechny as named Plaintiffs in this action in July 2006 when Plaintiffs filed 29 U.S.C. § 216(b) consent forms executed by Mr. Westfall and Mr. Nakonechny. While Plaintiffs' Motion to Amend is pending, Defendants agree to toll the statute of limitations for both Plaintiffs' overtime and Plaintiffs' minimum wage claims as those statutes of limitations relate to Plaintiffs, Dominic Musarra, Kevin Klug, and Charles Everett, Jr., as well as, putative plaintiffs, Messrs. Westfall and Nakonechny.

The Court sets the following briefing schedule for the parties to follow:

**November 10, 2006**     Plaintiffs' Motion to Amend the Complaint is due.

**November 29, 2006**     Defendants' Response in Opposition to Plaintiffs' Motion is due.

**December 6, 2006**       Plaintiffs' Reply Memorandum, if any, is due.

This order supersedes all previous orders in this case to the extent previous orders are

inconsistent with this order.

The parties shall address questions about this order to the Court's Law Clerk, Jennifer Dutcher, at 614-719-3262, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**


                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: October 12, 2006**