IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dominic Musarra, et al. | Case No. C2-05-545 |
| Plaintiffs, | Judge Marbley |
| vs. | Magistrate Judge King |
| Digital Dish, Inc., | |
| Defendant. | |

## JOINT MOTION FOR ORDER CERTIFYING SETTLEMENT CLASS AND APPROVING CLASS ACTION SETTLEMENT

On April 25, 2007, Plaintiffs and Defendant Digital Dish, Inc. ("the Parties") jointly moved this Court for an Order requesting that it certify, on a conditional basis, a settlement class with respect to certain minimum wage claims asserted by the Plaintiffs in their Amended Complaint, and requesting that the Court approve on a preliminary basis the settlement of those claims.  On August 14, 2007, the Court granted the Parties' joint motion, ordering that, *inter alia*:

- A settlement class would be certified, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and consisting of all job-based technicians hired by Defendant between June 2, 2002 and October 12, 2006 who participated in the Defendant's training program.

- Certain Plaintiffs named in the Settlement Agreement between the parties, were appointed as class representatives.

- The Court appointed Robert E. DeRose and Robert K. Handelman of Barkan Neff Handelman Meizlish, LLP, and John S. Marshall and Edward R. Forman of Marshall and Morrow, LLC as Co-Class Counsel for the Class.

- The Court preliminarily approved the settlement of claims set forth in the Settlement Agreement attached hereto as Exhibit 1 and the settlement reflected in that agreement ("the Settlement").

- The Court approved the issuance of a Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached to the Settlement Agreement as Exhibit A), a proposed Opt-Out Statement (attached to the Settlement Agreement as Exhibit B), and a proposed Settlement Claim Form and Release (attached to the Settlement Agreement as Exhibit C) (collectively "Notice Materials").

- The Court set this matter for a Fairness Hearing, to be held on November 9, 2007, at which the Court is to offer final approval of the Settlement Agreement and Settlement.

The Parties now request that, pursuant to the schedule set by the Court in its August 14, 2007 Order preliminarily approving settlement and in light of the facts and legal arguments articulated in the attached Memorandum in Support, that the Court issue an Order finally certifying the requested settlement class and approving the Settlement.

As with the Motion for Preliminary Approval, in jointly filing this motion with the Plaintiffs, Defendant Digital Dish, Inc., does not waive any defenses or concede any facts and has agreed to solely for the purpose of seeking to resolve the minimum wage portion of this matter through settlement, does not oppose this Motion, nor does Digital Dish waive any defense that the class asserted by the Plaintiffs in this action with respect to overtime is appropriate for certification of any kind, under Fed. R. Civ. P. 23, 29 U.S.C. §216(b), or any other authority.

Likewise, the Plaintiffs, in an effort to resolve the minimum wage claims for the settlement class, do not waive any overtime rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and O.R.C. §§ 4111, *et seq.*, or concede any facts relative to the overtime claims averred in the Amended Complaint [Doc. 101].

A Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

/s/ Jill S. Kirila                              /s/ Robert E. DeRose
Jill S. Kirila (0068593)                       Robert E. DeRose (0055214)
Trial Counsel for Defendant                    (*bderose@barkanneff.com*)
Johnathan E. Sullivan (0072371)                Robert K. Handelman (0019589)
SQUIRE, SANDERS & DEMPSEY L.L.P.               (*bobhandelman@ameritech.net*)
1300 Huntington Center                         Co-Counsel for Plaintiffs
41 South High Street                           BARKAN NEFF HANDLEMAN & MEIZLISH
Columbus, Ohio 43215                           360 South Grant Avenue
(614) 365-2700                                 P.O. Box 1989
Fax (614) 365-2499                             Columbus, Ohio 43216-1989
Attorneys for Defendant                        (614) 221-4221
                                               Fax (614) 221-5808

                                               John S. Marshall (0015160) (*marshall@ee.net*)
                                               Trial Counsel for Plaintiffs
                                               Edward R. Forman (0076651) (*eforman@ee.net*)
                                               MARSHALL AND MORROW LLC
                                               111 West Rich Street, Suite 430
                                               Columbus, Ohio 43215-5296
                                               (614) 463-9790
                                               Fax (614) 463-9780
                                               Attorneys for Plaintiffs

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

After mediation and notwithstanding their adversarial positions in this matter, Plaintiffs and Digital Dish, Inc. (collectively, "the Parties") have, with the Court's assistance, negotiated a settlement of the minimum wage portion of this litigation.  The terms of the proposed settlement are set forth in the proposed Settlement Agreement, which is attached hereto as Exhibit 1.  The Parties have stipulated—for purposes of this settlement *only*, that the proposed settlement class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), which are applicable to class settlements.

The Settlement is the product of arms-length negotiations between the Parties under the mediation of Magistrate Judge King and is a fair, reasonable, and adequate resolution of the claims in this matter.  The Notice Materials provide the putative class members with the best notice practical under the circumstances and allow for a full and fair opportunity to consider the Settlement and to develop a response.

The Settlement was structured thusly:  Each Qualified Class Member, as that term is defined in the Settlement Agreement, is eligible to receive a specified share of a $60,000 settlement fund based upon assumptions described below.  Distributions to Qualified Class Members from the $60,000 settlement shall be made after deductions for court-approved attorneys' fees and costs, court-approved service payments to Settlement Class Representatives, and a reserve for the reasonable costs of settlement administration.  All settlement proceeds not paid out to satisfy the foregoing and not distributed to Class Members (*i.e.*, any uncashed checks and unused reserves for claims administration) will be paid equally to the charitable organizations named in the Settlement Agreement.

The Settlement Agreement includes a proposed plan of allocation, based on a formula carefully designed to fairly compensate Qualified Class Members.  Each Class Member who does not opt out and who timely and properly completes a Settlement Claim Form and Release will receive a proportionate share of the net settlement payment.  Each Qualified Claimant shall be paid the sum of $23.10, less required tax withholding.  The parties reached this amount by determining the average training time for each job-based technician, agreeing to a reasonable number of hours worked, and the consequent amount by which the Qualified Claimants were allegedly underpaid.  Among the assumed facts for settlement upon which the payment amount are based:  each Qualified Claimant was paid $50 per training day, worked an average of 15 training days, and did not receive minimum wage for .3 hours per day.

The Settlement provides for a lump sum payment of up to $14,000.00 to Plaintiffs' counsel, which is based on an estimate of the reasonable value of Plaintiffs' counsel's services, costs and expenses throughout the course of the Minimum Wage Litigation and mediation proceedings.  Payment of these amounts will be made upon application by Plaintiffs' counsel and approval of the Court.  Digital Dish will not oppose such a fee and cost application. (*See* Settlement Agreement at 3.2.)

Plaintiffs Dominic Musarra, Kevin Klug, and Charles Everett, Plaintiffs who participated in the discovery process, will apply to the Court to receive $500 each from the Settlement Payment for services rendered to the Class.  In addition, Plaintiffs will apply for a $250 payment to each of Michael Nakonechny, Darrell Hall, and Bryan Westfall, persons in the Settlement Class who also participated in the litigation and mediation of this case.  These amounts are separate and apart from any other recovery to which these Plaintiffs might be entitled under other provisions of the Settlement Agreement as Qualified Class Members.  The service payments are

intended to recognize the time and effort the Plaintiffs expended on behalf of the Class, as well as the risks they incurred during the course of this litigation.  Indeed, "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *In Re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997).

For the following reasons, the Court should find that the settlement is fair, reasonable, and adequate and should approve the same.

**II.**    L<span></span>AW & A<span></span>RGUMENT

**A.**    **Settlement of Class Action Claims is Favored.**

As an initial matter, it is important to note the "strong federal policy encouraging settlement of class actions." *In re Broadwing, Inc. ERISA Litig.*, 2006 U.S. Dist. LEXIS 72609 (S.D. Ohio 2006); *see also UAW v. GMC*, 2007 U.S. App. LEXIS 18677 (6th Cir. 2007); *Airline Stewards and Stewardesses Association v. American Airlines, Inc.*, 573 F.2d 960, 963 (7th Cir. 1978); *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979).  Although the district court must approve a court settlement, its role in evaluating a proposed settlement is limited to determining tha the agreement is not a product of fraud or collusion and that the settlement, taken as a whole, is fair, reasonable, and adequate.  *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982).  If the Court finds that the settlement is fair, reasonable, and adequate, approval of the settlement is appropriate.  *See In re Broadwing, Inc. ERISA Litig.*, 2006 U.S. Dist. LEXIS 72609 (S.D. Ohio 2006).

**B.** **The Settlement is Fair, Reasonable, and Adequate.**

    **1.** **The Legal Standard for Determining Fairness, Reasonableness, and Adequacy in Class Action Settlements.**

The determination of whether a proposed class settlement is fair, reasonable and adequate requires the Court to consider and balance several factors, which include:

- Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;

- The complexity, expense and likely duration of the litigation;

- The stage of the proceedings and the amount of discovery completed;

- The judgment of experienced trial counsel;

- The nature of the negotiations;

- The objections raised by the class members; and

- The public interest.

*In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1009 (S.D. Ohio 2001); *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 245 (S.D. Ohio 1991). In the end, the Court's determinations are no more than "'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) (quoting *City of Detroit v. Grinnell*, 495 F.2d 448, 468 (2d Cir. 1974)).

    **2.** **Plaintiffs' Likelihood of Ultimate Success on the Merits Balanced Against the Amount and Form of Relief Offered in Settlement**

The most important of the factors to be considered in reviewing a settlement is "the probability of success on the merits," particularly as weighed against the recovery provided by the settlement. *See In re General Tire & Rubber Co. Sec. Litig.,* 726 F.2d 1075, 1086 (6th Cir. 1984). In this case, the Plaintiffs, in order to maintain a minimum wage action based on the time they spent in training, will likely be required to show, through extensive evidentiary presentation

and an extended and expensive discovery process, the specific hours, times, and dates that they worked. Such discovery, applied to the entire class, might take years and would certainly cost both parties hundreds of thousands of dollars. Moreover, it would do so to no good end; the plaintiff class was paid $50 per day for training, an amount likely to cover most (if not all) training hours. Accordingly, the maximum recovery for each plaintiff is likely to be much less than the $23.10 provided to each Qualified Claimant who filed a claim form in the settlement. Accordingly, although individual plaintiffs may achieve some success in this litigation, that success is likely to be far outweighed by the minimal possible recovery and the difficulty expended in reaching that recovery.

### 3. The Complexity, Expense, and Likely Duration of the Litigation

This settlement also serves the laudable goal of eliminating the costs and time attendant to continued litigation. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2nd Cir. 1983) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); I*n re Sunrise Sec. Litig*., 131 F.R.D. 450, 455 (E.D. Pa. 1990) (approving a class action settlement because, in part, the settlement "will alleviate . . . the extraordinary complexity, expense and likely duration of this litigation"). Generally speaking, "most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000).

### 4. The Stage of the Proceedings and the Amount of Discovery Completed

To insure that Plaintiffs have had access to sufficient information to evaluate their case and to assess the adequacy of the proposed Settlement, the stage of the proceedings and the discovery taken must be considered. *See Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502

(E.D. Mich. 2000). The Settlement in this case was reached one-and-a-half years after litigation commenced. During that time, both parties were involved with extensive discovery and motion practice (albeit aimed at some other aspects of the case). In addition, by agreement of the parties, Digital Dish provided voluminous records regarding its payment practices to the Plaintiffs so that they could appropriately assess the proper settlement amount.

Plaintiffs' discovery included: obtaining and reviewing more than several thousand documents related to the allegations that are the subject of the Settlement. Given this extensive discovery, this Court should "defer to the judgment of experienced trial counsel who have evaluated the strengths of their case." *Kogan*, 193 F.R.D. at 501 (quoting 604 F.Supp. at 73).

## 5.      The Judgment of Experienced Trial Counsel

The Court gives significant weight to the belief of experienced counsel that the settlement is in the best interest of the class. *See In re Telectronics Pacing Sys.,* 137 F. Supp. 2d 1013 (citing *Fanning v. AcroMed Corp. (In re Orthopedic Bone Screw Prods. Liab. Litig.)*, 176 F.R.D. 158, 184 (E.D. Pa. 1997)). In this case, experienced trial labor counsel on both sides, after months of negotiation and document review and the mediation of the Court itself, have offered their opinion that the settlement is appropriate, given the risks and expenses involved in further litigation.

## 6.      The Nature of the Negotiations

The Court gives significant weight to the belief of experienced counsel that the settlement is in the best interest of the class. *See In re Telectronics Pacing Sys.,* 137 F. Supp. 2d 1013 (citing *Fanning v. AcroMed Corp. (In re Orthopedic Bone Screw Prods. Liab. Litig.)*, 176 F.R.D. 158, 184 (E.D. Pa. 1997)). Initially, however, the court should determine whether the settlement

was non-collusive and ask was it reached through arms-length negotiations. *See id.*; *In re Broadwing, Inc. ERISA Litig.*, 2006 U.S. Dist. LEXIS 72609 (S.D. Ohio 2006)

In the case at bar, the proposed Settlement was negotiated in an adversarial manner after substantial factual investigation and intensive legal analysis. The proposed Settlement negotiations included several exchanges of documents, rounds of correspondence, and, at the end, the mediation of the Magistrate herein. Both parties to the negotiations vigorously attempted to secure the most desirable conclusion for their respective clients. Settlement proposal documents were exchanged back and forth between the parties on numerous occasions in an attempt to resolve the key issues relative to the proposed Settlement. This process resulted in a fair, reasonable and adequate Settlement. *See TBG, Inc. v. Bendis*, 811 F. Supp. 596, 605 (D. Kan. 1992) (finding a settlement fair in the absence of collusion where the settlement was the result of arm's length negotiations that were hard fought).

### 7. The Objections Raised by the Class Members

As the Ninth Circuit has noted, "settlement is the offspring of compromise; the question [a court addresses] is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Generally, a diminutive amount of objectors may signify that a settlement is fair. *See* NEWBERG ON CLASS ACTIONS, § 11.48 (3d ed. 1992). Furthermore, the fact that some class members object to the settlement does not by itself prevent a court from approving a settlement. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 246 (S.D. Ohio 1991).

The notice materials approved by the Court at the preliminary stage have met with approval by the class of plaintiffs. Of roughly 1,850 class members, the parties have received

only 20 opt-outs and no objections. In light of these figures, the objections of the class members should not bar final approval of the settlement.

### 8. The Public Interest

The public interest favors approval of the proposed Settlement. While this case is not of general public interest, there is certainly a public interest in settlement of disputed cases that require substantial federal judicial resources to supervise and resolve. In the instant case, the proposed Settlement ends potentially long and protracted litigation and frees the Court's valuable judicial resources. *See In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990). In light of this, the Court should conclude that this factor weighs in favor of approving the proposed Settlement because the public interest is served by resolution of this action.

## III.    <u>CONCLUSION</u>

The Parties request that, pursuant to the schedule set by the Court in its August 14, 2007

Order preliminarily approving settlement and in light of the facts and legal arguments articulated

in the attached Memorandum in Support, that the Court issue an Order finally certifying the

requested settlement class and approving the Settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ Jill S. Kirila | /s/ Robert E. DeRose |
| Jill S.Kirila (0068593) | Robert E. DeRose (0055214) |
| Trial Counsel for Defendant | (*bderose@barkanneff.com*) |
| Johnathan E. Sullivan (0072371) | Robert K. Handelman (0019589) |
| SQUIRE, SANDERS & DEMPSEY L.L.P. | (*bobhandelman@ameritech.net*) |
| 1300 Huntington Center | Co-Counsel for Plaintiffs |
| 41 South High Street | BARKAN NEFF HANDLEMAN & MEIZLISH |
| Columbus, Ohio 43215 | 360 South Grant Avenue |
| (614) 365-2700 | P.O. Box 1989 |
| Fax (614) 365-2499 | Columbus, Ohio 43216-1989 |
| Attorneys for Defendant | (614) 221-4221 |
| | Fax (614) 221-5808 |
| | |
| | John S. Marshall (0015160) (*marshall@ee.net*) |
| | Trial Counsel for Plaintiffs |
| | Edward R. Forman (0076651) (*eforman@ee.net*) |
| | MARSHALL AND MORROW LLC |
| | 111 West Rich Street, Suite 430 |
| | Columbus, Ohio 43215-5296 |
| | (614) 463-9790 |
| | Fax (614) 463-9780 |
| | Attorneys for Plaintiffs |

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dominic Musarra, et al. | Case No. C2-05-545 |
| Plaintiffs, | Judge Marbley |
| vs. | Magistrate Judge King |
| Digital Dish, Inc., | |
| Defendant. | |

---

## SETTLEMENT AGREEMENT

---

This Settlement Agreement and Release of Claims ("the Agreement") is entered into between Plaintiffs Dominic Musarra, Kevin Klug, Charles Everett, Bryan Westfall, Darrell Hall and Michael Nakonechny ("Class Representatives"), representatives of the plaintiff class described herein (for settlement purposes only), all of whom are represented by Barkan, Neff, Handelman, and Meizlish, L.L.P. and Marshall and Morrow, L.L.C., and Defendant Digital Dish, Inc., which is represented by Squire, Sanders, and Dempsey, L.L.P.

**I.     DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its exhibits, including the Notice of Settlement and Claim Form.

1.1     "The Civil Action" means the above-captioned case.

1.2     For purposes of this Agreement, the class is defined as all job-based employees hired by the Defendant between June 2, 2002 and October 12, 2006 ("the Relevant Period").

Class Representatives and Defendant agree that they will prepare and agree upon a list of all Proposed Class Members.  Any dispute as to the context of the list will be resolved by the Court.

1.3     "Charity" shall mean Interfaith Worker Justice, 1020 West Bryn Mawr, 4th Floor Chicago, Illinois  60660-4627 and La Red Business Network, PO Box 315, Berlin, Ohio 44610.

1.4     "Claims Administrator" means The Garden City Group, Inc.

1.5     The "Court" means the United States District Court for the Southern District of Ohio.

1.6     "Class Counsel" means Robert E. DeRose and Robert Handelman of Barkan, Neff, Handelman, Meizlish, L.L.P. and Edward Forman, John Marshall, Stephen Dransfield, and Louis Jacobs of Marshall and Morrow, L.L.C.

1.7     "Defendant" and "the Company" mean Digital Dish, Inc.

1.8     "Effective Date" means the date upon which all of the following have occurred: (1) entry of an Order by the Court certifying the plaintiff class for purposes of this settlement; (2) entry of an Order by the Court granting Plaintiffs' Motion for Leave to File First Amended Complaint; and (3) entry of an Order or Orders granting final approval to the Agreement, approving the amount of attorneys' fees and costs and dismissing the minimum wage claims asserted in the First Amended Complaint with prejudice.

1.9     "Class Representatives" means, for purposes of settlement only, Dominic Musarra, Kevin Klug, Charles Everett, Bryan Westfall, Darrell Hall and Michael Nakonechny.

1.10    The "Parties" means the Class Representatives and Defendant.

1.11    "The Preliminary Approval Order" means the Order entered by this Court preliminarily approving the terms of this Agreement, certifying the Settlement Class, approving the payments of attorneys' fees, attorneys' costs, claims administration fees, and the Service

Payment as set forth in the Agreement, scheduling a fairness hearing, and directing the mailing to the Settlement Class of the Notices of Settlement and the Claim Form.

1.12 "Released Claims" has the meaning ascribed to it in Section 5.1 of this Agreement.

1.13 "Relevant Period" means June 2, 2002 to October 12, 2006.

1.14 "Released Parties" means Digital Dish, Inc., its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and / or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action.

1.15 "Qualified Claimant" means each member of the Settlement Class who is entitled to receive a Settlement Share by virtue of having returned a Claim Form and Release (attached hereto as Exhibit C) within the time prescribed for submission of the Claim Form and Release by this Agreement.

1.16 "Settlement Class" means all job-based technicians hired by Defendant between June 2, 2002 and October 12, 2006 who participated in the Defendant's training program.

1.17 "Settlement Fund" means the amount of $64,000. Defendant agrees to pay $60,000.00 to the Settlement Fund to pay each Qualified Claimant's Settlement Share, the Qualified Settlement Administrator's costs and the attorney fees and expenses awarded by the court up to $14,000.00. The defendant agrees to pay an additional $4,000 to the Settlement Fund to be used solely for the purpose of defraying the cost of the IVR Call Center as described in Section 12.2. The Parties agree that the $4,000.00 will not be used for payment of a Qualified

Claimant's Settlement Share or for the payment of attorney fees or expenses awarded by the court.

1.18    "Settlement Share" means each Qualified Claimant's total share of the Settlement Fund, which by agreement of the parties shall equal $23.10 per Plaintiff who does not opt-out of the settlement.

## II.    RECITALS

2.1    On June 2, 2005, the Class Representatives filed a lawsuit in the United States District Court for the Southern District of Ohio captioned *Musarra et al. v. Digital Dish, Inc.*, Case No. C2-05-545 ("the Civil Action"), asserting claims, among others, for minimum wages under the Fair Labor Standards Act ("FLSA") on behalf of themselves and Ohio Revised Code Chapter 4111 on behalf of themselves and all other job-based technicians alleged to be similarly situated.

2.2    Class Counsel conducted a thorough investigation into the facts of the action, including an extensive review of numerous documents, and diligently pursued an investigation of the Settlement Class Members' minimum wage claims against Defendant. Based on their investigation and evaluation, the Class Representatives and Class Counsel are of the opinion that the settlement set forth in this Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant and other potential legal issues.

2.3    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising for or related to minimum wage claims asserted in the Civil Action which exist between them. Nothing in this agreement would operate to compromise

any overtime claims for Job Based technicians employed with Defendant after June 2, 2002 or any workers' compensation claims under Ohio law.

2.4     It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims against all Released Parties.

2.5     Defendant denies any liability or wrongdoing of any kind associate with the claims alleged in the Civil Action.

2.6     This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties.   The Parties further acknowledge and agree that neither this Agreement nor the Settlement shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.7     Upon final approval of this Settlement (following the Fairness Hearing described herein) the Court shall accept for filing the First Amended Complaint lodged with the court on November 10, 2006.  Class Counsel and the Class Representatives agree to file with the Motion for Final Approval of the Settlement a Motion to Dismiss with Prejudice the minimum wage claims contained in the First Amended Complaint.  Immediately following its acceptance of the First Amended Complaint, the Court will grant the Motion to Dismiss with Prejudice described in this paragraph. The parties agree that the litigation will go forward on the overtime claims after August 10, 2005 as if those claims were expressly and unambiguously included in a formal

pleading, pursuant to Magistrate Judge King's Order dated February 27, 2007 [Docket No. 65]. In the event that the settlement is not approved (either finally or conditionally), the Parties agree that Digital Dish's pursuit of or acquiescence to discovery with respect to overtime claims after August 10, 2005 will not preclude Digital Dish from contesting the appropriateness of the First Amended Complaint or of filing an opposition to the Motion for Leave to File First Amended Complaint.

## III.   APPROVAL AND CLASS NOTICE

3.1     On April 20, 2007, Plaintiffs and Defendant will submit this Agreement to the Court, together with a Motion for Order Conditionally Certifying Settlement Class and Preliminarily Approving Class Action Settlement, a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached as Exhibit A, a proposed Opt-Out Statement in the form attached as Exhibit B, a Claim Form and Release in the form attached as Exhibit C, and a proposed Preliminary Approval Order in the form attached as Exhibit D. The Parties will file a Joint Motion (for purposes of this settlement only), for Class Certification under Rule 23 of the Federal Rules of Civil Procedure of individuals hired by Digital Dish, Inc. between June 2, 2002 and October 12, 2006 based solely on a purported failure to pay those individuals minimum wages.

If the Court denies the Motion for Order Conditionally Certifying Settlement Class and Preliminarily Approving Class Action Settlement, then the Civil Action will resume as it existed on October 13, 2006 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of the renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective or class action and to

contest the merits of any claims being asserted by Plaintiffs. In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of conditional class certification, merits discovery, and the filing of motions, including with respect to certification and decertification of any class. The parties agree that the litigation will go forward on the overtime claims after August 10, 2005 as if those claims were expressly and unambiguously included in a formal pleading, pursuant to Magistrate Judge King's Order dated February 27, 2007 [Docket No. 65]. In the event that the settlement is not approved (either finally or conditionally), the Parties agree that Digital Dish's pursuit of or acquiescence to discovery with respect to overtime claims after August 10, 2005 will not preclude Digital Dish from contesting the appropriateness of the First Amended Complaint or of filing an opposition to the Motion for Leave to File First Amended Complaint.

3.2 Class Notice

(A) Within 10 days of the date of the Preliminary Approval Order, Digital Dish will provide the Claims Administrator with a list, in electronic form, of the names and last known addresses of all Class Members.

(B) Within 15 days after receiving the information described in Section 3.2(A), the Claims Administrator shall mail, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached as Exhibit A, the Opt-Out Statement in the form attached as Exhibit B, and the Claim Form and Release in the form attached as Exhibit C, to all Class Members using each individual's last known address.

3.3 Any Class Member may request exclusion from the Class by "opting out." Class Members who choose to do so must submit a written and signed request for exclusion to the Claims Administrator, in the form attached as Exhibit B. To be effective, such Opt-Out

Statements must be sent via First Class United States mail and postmarked by a date certain to be specified on the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which will be 60 calendar days after the Claims Administrator makes the initial mailing of the Notice. The end of the "Opt-Out Period" shall be 70 calendar days after the last day on which the Claims Administrator makes the initial mailing under Section 2.3(B). The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's counsel not later than 3 calendar days after receipt thereof. The Claims Administrator shall also, within 3 days of the end of the Opt-Out Period, file with the Clerk of Courts, with Social Security Numbers redacted, stamped copies of any Opt-Out Statements. The Claims Administrator shall, within 3 business days of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendant's Counsel by e-mail.

3.4     In the event that 500 or more Class Members elect to opt out of the settlement, Defendant shall have the right, in its sole discretion, to void this Agreement, by filing with the Court a Notice of Withdrawal. In no event shall Defendant file such a Notice of Withdrawal later than 30 calendar days after the end of the Opt-In Period. If Defendant files a timely Notice of Withdrawal, then the Civil Action will resume as it existed on October 13, 2006 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of the renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective or class action and to contest the merits of any claims being asserted by Plaintiffs. In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of

conditional class certification, merits discovery, and the filing of motions, including with respect to certification and decertification of any class. The parties agree that the litigation will go forward on the overtime claims after August 10, 2005 as if those claims were expressly and unambiguously included in a formal pleading, pursuant to Magistrate Judge King's Order dated February 27, 2007 [Docket No. 65]. In the event that the settlement is not approved (either finally or conditionally), the Parties agree that Digital Dish's pursuit of or acquiescence to discovery with respect to overtime claims after August 10, 2005 will not preclude Digital Dish from contesting the appropriateness of the First Amended Complaint or of filing an opposition to the Motion for Leave to File First Amended Complaint.

      3.5    A Class Member who does not opt out pursuant to Section 2.4 will be deemed to be eligible for a payment hereunder if and only if he or she timely and fully executes and returns the Claim Form and Release in the form attached as Exhibit C. The oath contained therein must be personally filled out by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf. To be effective, Class Members' Claim Form and Release must be sent to the Claims Administrator via First Class United States mail, and be received by 70 calendar days after the initial mailing of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

      3.6    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statement must be sent to the Claims Administrator via First Class United States mail, and be received by the Claims Administrator by a date certain, to be specified on the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which shall be for each Class Member 60 days after the initial mailing by the Claims Administrator of such Notice. The Claims Administrator shall

stamp the date received on the original and send copies of each objection to the Parties by e-mail and overnight delivery not later than 3 calendar days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Courts within 3 business days after the end of the Opt-Out Period.

An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in Section 3.6. Any Class Member who has submitted an Opt-Out form may not submit objections to this settlement.

The Parties may file with the Court written responses to any filed objections not later than 14 calendar days before the Fairness Hearing.

3.7    Not later than 35 calendar days before the Fairness Hearing, Plaintiffs and Defendant will submit a Motion for Judgment and Final Approval. The first draft of the Motion for Judgment and Final Approval will be completed by the Defendant with the approval and contribution of the Plaintiffs. The Fairness Hearing shall be held on [DATE].

3.8    At the Fairness Hearing, the Parties will request that the Court, issue an order containing all of the following, among other things:

(a)    Certifying the Settlement Class;

(b)    Granting Plaintiffs' Motion for Leave to File First Amended Complaint;

(c)    Acknowledging the Plaintiffs' have filed a Motion to Dismiss with Prejudice the Minimum Wage Claims contained in the First Amended Complaint;

(d)     Dismissing Plaintiffs' minimum wage claims from June 2, 2002 to the Effective date under the Federal Labor Standards Act and Ohio's wage and hour law on the merits and with prejudice and permanently barring all members of the Settlement Class including the Class Representatives from prosecuting against any Released Parties any of the Released Claims and issuing a judgment entry to that effect (attached as Exhibit F);

(e)     Granting final approval to the Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

(f)     Retaining jurisdiction to enforce the terms of the settlement.

3.9     In the event that the Court fails to enter Judgment in accordance with this Agreement, the Civil Action will proceed as if no settlement had been attempted.  In that event, the Civil Action will resume as it existed on October 13, 2006 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of the renegotiated settlement.  If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective or class action and to contest the merits of any claims being asserted by Plaintiffs.  In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of conditional class certification, merits discovery, and the filing of motions, including with respect to certification and decertification of any class. The parties agree that the litigation will go forward on the overtime claims after August 10, 2005 as if those claims were expressly and unambiguously included in a formal pleading, pursuant to Judge King's Order dated February 27, 2007 [Docket No. 65].  The Parties agree that Digital Dish's pursuit of or acquiescence to discovery with respect to overtime claims after August 10, 2005 will not preclude Digital Dish from contesting

11

the appropriateness of the First Amended Complaint or of filing an opposition to the Motion for Leave to File First Amended Complaint.

## IV.   THE SETTLEMENT FUND

4.1     Thirty (30) days following the Court's approval of the Motion for Order Conditionally Certifying Settlement Class and Preliminarily Approving Class Action Settlement, Defendant will provide to the Claims Administrator a check in the amount of $64,000.00.

4.2     Each Qualified Claimant shall be paid the sum of $23.10, less required tax withholding out of that portion of the payment described in ¶4.1 of this Agreement.  This amount is based on the assumption that each Qualified Claimant was paid $50 per training day, worked an average of 15 training days, and did not receive minimum wage for .3 hours per day.  The Claims Administrator shall distribute the payment to the Qualified Claimants no later than forty-five (45) days after the Effective Date.

4.3     The cost of the Qualified Settlement Administrator will be paid out of the $64,000.00 paid by the Defendant as outlined in Paragraphs, 1.17, 4.2 and 12.2.

4.4     Within twenty-one (21) calendar days of the Effective Date, Plaintiffs' will make application to the Court for attorney fees up to but not exceeding $14,000.00 to be paid out of the $64,000.00 paid to the Qualified Settlement Administrator as outlined in Paragraph 4.2, subject to the limitations outlined in Paragraph 1.17.  The Court will have sole discretion on the amount of Attorney Fees awarded.   Such amount shall constitute all attorneys' fees and administration and other costs associated with the minimum wage portion of this action.  At least seven days prior to the date of payment, Class Counsel will provide the Qualified Settlement Coordinator with the tax-payer identification numbers for Class Counsel, an executed W-9 form and wire instructions.

4.5     Defendant will also pay Class Representatives Dominic Musarra, Charles Everett and Kevin Klug the sum of $500 each and Class Representatives, Brian Westfall, Darrell Hall and Michael Nakonechny the sum of $250 each for their services on behalf of the class ("the Service Payment") to be paid out of the $64,000.00 paid to the Qualified Settlement Administrator as outlined in Paragraph 4.1 and subject to the limitation outlined in Paragraph 1.17, provided the Court approves such payment, and provided they do not opt-out of the Settlement.  If the Class Representatives decline to join the Settlement they will not be eligible receive a Service Payment.  The Qualified Settlement Administrator will pay the Service Payment to Dominic Musarra, Charles Everett, Kevin Klug, Brian Westfall, Darrell Hall and Michael Nakonechny within five (5) business days after the Effective Date.

4.6     Except as provided in Paragraph 4.2, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

4.7     All settlement payments described in ¶4.1–4.2 of this Agreement to Qualified Claimants will be reported as, and are to be withheld upon as, wages for tax purposes.

4.8     Payments made under this Agreement are not intended to and will not:  (1) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, Defendant's bonus, pension, any 401(k) and / or other retirement plans or similar programs.

4.9     The Claims Administrator shall be responsible for remitting to the tax authorities all payroll taxes for payments to Qualified Claimants or Class Representatives out of the Settlement Fund.  Defendant shall issue a W-2 in the appropriate amount for each Qualified

13

Claimant and Class Representative, and a 1099 in the appropriate amount to Class Counsel and the Class Representatives.

4.10    Any amount left unclaimed by the Qualified Claimants shall be donated equally to Charity, as defined by this Agreement.

## V.    <u>RELEASE</u>

5.1    Release of Claims.

(A)    By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, the Class Representatives and each Class Member who does not timely opt out pursuant to Section 2.4 forever and fully releases and covenants not to sue Defendant, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action (collectively, the "Released Parties") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal (including but not limited to under 29 U.S.C. §206), state, or other applicable law, which any such Class Member has or might have, known or unknown, of any kind whatsoever, arising out of or connected with the facts alleged in the Complaint or Amended Complaint which were pled or could have been pled in the Civil Action arising from the period of June 2, 2002 to the Effective Date (with the exception of overtime wage claims since June 2, 2002 under the FLSA and/or Ohio Revised Code Chapter 4111 and any workers' compensation claims under Ohio law) ("Released Claims").

14

(B) Each Class Member who does not timely opt out in accordance with the procedures set forth in Section 2.4 is deemed to have acknowledged that this Agreement is intended to include in its effect all claims arising out of or connected with the facts alleged in the Complaint or Amended Complaint which were pled or could have been pled in the Civil Action arising from the period of June 2, 2002 to the Effective Date, including both asserted and unasserted claims, and including those claims so arising that each or any Class Member does not know or suspect to exist in his or her favor against Defendant (with the exception of overtime wage claims since June 2, 2002 under the FLSA and/or Ohio Revised Code Chapter 4111 and any workers' compensation claims under Ohio law) ("Released Claims").

5.2     Class Counsel and Class Representatives, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees and costs associated with Class Counsel's representation of Plaintiffs and the Class in connection with minimum wage claims. Class Counsel understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of those individuals for the minimum wage claims and excludes the fees and costs associated with any overtime wage claims.

5.3     Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Civil Action, or any related action.

## VI.     PARTIES' AUTHORITY

6.1     The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto the terms and conditions thereof.

6.2     All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VII.    MUTUAL FULL COOPERATION

7.1     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## XIV.    NOTICES

7.2     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Class or to any Settlement Class member:

| | |
|---|---|
| John S. Marshall | Robert E. DeRose |
| Edward R. Forman | Robert K. Handelman |
| Marshall & Morrow, L.L.C. | Barkan Neff Handelman Meizlish, L.L.P. |
| 111 West Rich Street, Suite 430 | 360 South Grant Avenue |
| Columbus, Ohio 43215-5296 | P.O. Box 1989 |
| | Columbus, Ohio 43216 |

To the Defendant:

Jill S. Kirila
Johnathan E. Sullivan

Squire, Sanders & Dempsey, L.L.P.
41 South High Street
1300 Huntington Center
Columbus, Ohio 43215

## VIII. MODIFICATION

8.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## IX. ENTIRE AGREEMENT

9.1    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between the Agreement and any other Settlement-related document, the Parties intend that this Agreement shall be controlling.

## X. CHOICE OF LAW / JURISDICTION

10.1    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division (Marbley, Judge). This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XI. COUNTERPARTS

11.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least on such counterpart, each counterpart shall be deemed an original and,

when taken together with other signed counterparts, shall constituted one Agreement, which shall be binding upon and effective as to all Parties.

## XII.  MISCELLANEOUS

12.1    The Notice and list of Class Members to receive the Notice will provide confidential contact information to Class Counsel.  The Parties and Class Counsel agree that the Notice shall be the exclusive method of mass communications, and that they will not publish or distribute any information in any mass mailings, including electronic mailings, or publish or post any information on the Internet.  Class Counsel agrees to use the contact information for Settlement Class Members that is provided the Claims Administrator and to Class Counsel solely for the purposes of communicating regarding this Agreement and implementing this Agreement and for no other purpose, at any time or for any reason.

12.2    In the event that a potential Settlement Class member needs information about the settlement process, the notice will direct the potential Settlement Class member to contact the Qualified Settlement Administrator.   Settlement Class contact services will be provided by the Qualified Settlement Administrator in the form of a call center using an Interactive Voice Response [IVR] system.  The cost, $8,000.00 of this IVR Call Center will be split by the parties. Defendant agrees to pay an additional $4,000 to the Settlement Fund, described in Section 1.17, to be used solely for the purpose of defraying the cost of the IVR Call Center.

## XIII.  VOIDING THE AGREEMENT

13.1    In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all parties.

For Plaintiffs:

_____
John S. Marshall       Date

_____
Edward R. Forman       Date

_____
Robert E. DeRose       Date

_____
Robert K. Handelman       Date


For Defendant:

_____
Jill S. Kirila       Date

_____
Johnathan E. Sullivan       Date

19

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dominic Musarra, et al. | Case No. C2-05-545 |
| Plaintiffs, | Judge Marbley |
| vs. | Magistrate Judge King |
| Digital Dish, Inc., | |
| Defendant. | |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION CIVIL ACTION AND FAIRNESS HEARING

**To:  Job-Based Technicians Hired By Digital Dish, Inc. between June 2, 2002 and October 12, 2006.**

Based on information in Digital Dish, Inc.'s records, you may be a class member who is entitled to participate in the proposed settlement of certain claims asserted in the case captioned *Musarra et al. v. Digital Dish, Inc.*, United States District Court for the Southern District of Ohio Case No. C2-05-545 ("the Civil Action").

Please read this Notice carefully.  It contains important information about your rights concerning the class action settlement described below.  As described more fully below, *see* Section 6.c., to participate in the settlement, you must submit a properly completed Claim Form and Release in time for the Claims Administrator to receive it by [DATE].  If you fail to turn in a timely Settlement Claim Form and Release, you will receive no monetary distribution from the settlement.  If you do not want to participate in the settlement, and do not want to be bound by the Release described in Section 6.b., you must exclude yourself by mailing the enclosed Opt Out Statement to the Claims Administrator, postmarked by no later than [DATE].

Unless you "Opt Out" of the Civil Action and the settlement by submitting an Opt-Out Statement postmarked by [DATE], you will be bound by the Release in Section 6.b., regardless of whether you submit a Settlement Claim Form and Release or receive money. *See* Section 9 below, for additional information. Class Members are encouraged to participate in this settlement. The law prohibits retaliation against current or former employees who participate in settlements.

Participation does not change the settlement amount that Digital Dish will pay, because Digital Dish will pay the same fixed amount regardless of the number of Class Members who participate.

**Important Deadlines:**

- Deadline for the Settlement Claim Form and Release: must be mailed in time for the Claims Administrator to receive it by [DATE];

- Deadline for the Opt-Out Statement: must be postmarked by [DATE]

- Deadline for objecting to the settlement: must be mailed in time for the Claims Administrator to receive it by [DATE].

For assistance completing the enclosed Claim Form and Release or for assistance with related matters, please contact Class Counsel listed in Section 5 below.

This Notice explains the nature of the Civil Action and the terms of the settlement and informs you of your rights and obligations.  This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

This Notice contains information about the following topics:

1. What Is This Civil Action About?

2. What Is A Class Action?

3. What Is The Purpose Of This Notice?

4. Who Is Included In The Civil Action?

5. Who Is Class Counsel?

6. What Are the Benefits and Terms of the Proposed Settlement (including information about how you can participate in the Settlement)?

7. When Is The Fairness Hearing To Approve Settlement?

8. How Can You Object To The Proposed Settlement?

9. How Can You Opt Out Of The Settlement?

10. How Can You Examine Court Records?

11. What If You Have Questions?

1.    **What Is This Civil Action About?**

On or about June 2, 2005, three former employees of Digital Dish ("Plaintiffs") brought this Civil Action, in which they claimed that Digital Dish violated the Fair Labor Standards Act ("FLSA") and various state wage laws by failing to pay employees minimum wage on some occasions.  Plaintiffs sought recovery of statutory damages, interest, attorneys' fees and costs, and other relief.

Digital Dish has denied and continues to deny any wrongdoing and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Civil Action. To avoid the burden, expense, inconvenience, and uncertainty of continued Civil Action, however, Digital Dish has concluded that it is in its best interests to resolve and settle the Civil Action by entering into a settlement agreement (the "Settlement").

The Civil Action is presently before Judge Algenon Marbley, United States District Judge for the United States District Court for the Southern District of Ohio.  Judge Marbley has not made any decision on the merits of Plaintiffs' minimum wage claims.  On [DATE], the Court conditionally certified this matter as a class action for purposes of settlement and granted preliminary approval of the Settlement, subject to a fairness hearing which will take place on [DATE].

2.    **What is A Class Action?**

A class action is a Civil Action in which the claims and rights of many people are decided in a single court proceeding.  One or more representative plaintiffs, also known as "Plaintiffs" or "Class Representatives," file a Civil Action asserting claims on behalf of the entire class.

3.    **What Is The Purpose Of This Notice?**

Judge Marbley has ordered that this Notice be sent to you because you may be a Class Member.  The purpose of this Notice is to inform you of the proposed Settlement and of your rights, including:

- To inform you of your right to "opt out" of the settlement class, and thereby preserve your ability to independently bring any claim that you might have;

- To inform you of your right to file objections to the Settlement;  and

- To inform you of the steps you must take to receive any share of the settlement funds.

4.    **Who Is Included In The Civil Action?**

You are a Class Member if you were hired by Digital Dish as a job-based technician between June 2, 2002 and October 12, 2006 and underwent training in this period.

**5.**    **Who Is Class Counsel?**

The Court has approved and appointed a number of firms to represent all members of the Class.  Class Counsel are:

Robert DeRose
Robert Handelman
Barkan Neff Handelman Meizlish, L.L.P.
360 South Grant Avenue
P.O. Box 1989
Columbus, Ohio 43216-1989
614-221-4221

John Marshall
Edward R. Forman
Marshall and Morrow LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
614-463-9790

**6.**    **What Are The Benefits And Terms Of The Proposed Settlement?**

Plaintiffs and Defendant have agreed to the Settlement summarized below. The complete terms and conditions of the proposed Settlement are on file with the Clerk of Court at the address listed below in Section 10. The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

  *a.*  *What are the benefits of the settlement?*

Class Members who timely and properly complete and return the Claim Form and Release, as described in Section 6.c. below, will be eligible to receive $23.10, less payroll withholding.

- Payments to Class Representatives: If the Court approves such payments, each of the three original Class Representatives will receive $500 each and three other Class Representatives will receive $250.00 each (for a total of $2,250). These payments are made because these Class Representatives provided service to the Class by helping Class Counsel to formulate claims and providing deposition testimony, assistance in the discovery process and assistance in the mediation.

- Attorneys' Fees: Class Counsel will apply to the Court for attorneys' fees up to $14,000.00. This amount will be requested based on the hours Class Counsel spent in

pursuing this case on behalf of the Class Members, the risks that Class Counsel took that no fees would ever be recovered, and the result achieved for the class.

    *b.*      *What is the legal effect of participating in the settlement?*

If the Court grants final approval of the Settlement, in exchange for the payment set forth above, minimum wage claims asserted in the Civil Action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Digital Dish from any and all claims of any kind whatsoever that are asserted in the Civil Action or that arise from the facts alleged in the Civil Action and / or claims that arose from June 2, 2002 up through and including the Effective Date, with the exception of overtime wage claims since June 2, 2002 under the FLSA and/or Ohio Revised Code Chapter 4111 and any workers' compensation claims under Ohio law.  When claims are "released" that means that a person covered by the release cannot sue Digital Dish for any of the claims that are covered by the release.

The exact terms of the Release in the Settlement Agreement read:

(A)      By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, the Class Representatives and each Class Member who does not timely opt out pursuant to Section 2.4 forever and fully releases and covenants not to sue Defendant, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action (collectively, the "Released Parties") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal (including but not limited to under 29 U.S.C. §206), state, or other applicable law, which any such Class Member has or might have, known or unknown, of any kind whatsoever, arising out of or connected with the facts alleged in the Complaint or Amended Complaint which were pled or could have been pled in the Civil Action, arising from the period of June 2, 2002 to the Effective Date (with the exception of overtime wage claims since June 2, 2002 under the FLSA and/or Ohio Revised Code Chapter 4111 and any workers' compensation claims under Ohio law) ("Released Claims").

(B) Each Class Member who does not timely opt out in accordance with the procedures set forth in Section 2.4 is deemed to have acknowledged that this Agreement is intended to include in its effect all claims arising out of or connected with the facts alleged in the Complaint or Amended Complaint which were pled or could have been pled in the Civil Action, including both asserted and unasserted claims, and including those claims so arising that each or any Class Member does not know or suspect to exist in his or her favor against Defendant (with the exception of overtime wage claims since June 2, 2002 under the FLSA and/or Ohio Revised Code Chapter 4111 and any workers' compensation claims under Ohio law) ("Released Claims").

    *c.*      *How can I participate in the settlement?*

If you wish to receive a distribution from the settlement fund, you must timely complete and return the enclosed Settlement Claim Form and Release according to instructions provided on the form, including: (1) an oath that, at some point during the applicable period, you underwent training at Digital Dish; and (2) a release of claims consistent with that set forth in Section 6.b of this Notice. The oath must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Settlement Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, and received by [DATE]. If you do not properly complete and timely submit the Settlement Claim Form and Release in order for it to be received by [DATE], you will not be eligible to receive any monetary distribution.

Class Counsel recommends that you send your Settlement Claim Form and Release in the enclosed postage-prepaid envelope. You should keep in mind that if you do not opt out and if you do not properly and timely complete and return the Claim Form and Release in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release described in Section 6.b.

 *d.* *How was my share calculated?*

Each Class Member who submits a timely and properly completed Claim Form and Release will receive a share of the Settlement Fund (that is, the settlement funds that remain after deductions are made for claims administration costs, class representative payments, and attorneys' fees and expenses) amounting to $23.10.  This amount assumes that each technician worked an average of 15 training days and was paid $50 per day and that each technician worked 10 hours per day, potentially entitling him or her to .3 hours of minimum wage payment per day.

**7.** **When Is The Fairness Hearing to Approve the Settlement?**

The Court has granted preliminary approval of the proposed Settlement, concluding preliminarily that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement amount is fair, adequate, and reasonable. A hearing will be held to determine whether final approval of the Settlement should be granted. At the hearing, the Court will hear objections, if any, and arguments concerning the fairness of the proposed Settlement. The hearing will take place before Judge Marbley on [DATE] or as soon thereafter as practicable, in Courtroom [NUMBER], United States District Court for the Southern District of Ohio, Eastern Division, 85 Marconi Boulevard, Columbus, Ohio 43215.  The Court will also consider Class Counsel's application for fees and costs and the Service Payments sought by Class Representatives. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

 **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING. YOU MAY ATTEND THE HEARING IF YOU PLAN TO OBJECT TO THE SETTLEMENT. YOU MAY ALSO RETAIN YOUR OWN ATTORNEY TO REPRESENT YOU IN YOUR**

**OBJECTIONS. IF YOU WISH TO ATTEND THE HEARING, YOU MUST SUBMIT A WRITTEN OBJECTION AS DESCRIBED IN THE FOLLOWING SECTION AND MUST STATE IN WRITING YOUR INTENTION TO APPEAR AT THE FAIRNESS HEARING.**

**8.      How Can You Object To The Proposed Settlement?**

If you want to object to the Settlement, you may submit a written statement of the objection to the Claims Administrator at the address below. Your objection will not be heard unless it is mailed to the Claim Administrator via First Class United State Mail, postage prepaid, and received by the Claims Administrator no later than [date]. The objection need not be in any specific form; a short and simple statement of your objection is sufficient. You do not need to be represented by counsel to object. If you wish to present your objection at the fairness hearing, you must state your intention to do so in your written objection.

**9.      How Can You Opt Out Of The Settlement?**

You have the right to exclude yourself, and yourself only, from this Civil Action and Settlement. If you choose to exclude yourself, you will not be barred from seeking relief with respect to any legal claims and will be free to pursue an individual claim, if any, against Digital Dish, but you will not be eligible to receive the benefits of this Settlement. If you intend to exclude yourself, you must complete the enclosed Opt-out Statement and mail it to the Claims Administrator at the address below. The Opt-out Statement must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and postmarked no later than [DATE].

**10.     How Can You Examine Court Records?**

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, 85 Marconi Boulevard, Columbus, Ohio 43215. The Clerk will make all files relating to this Civil Action available to your for inspection and copying at your own expense.

**11.     What If You Have Questions?**

If you have questions about this Notice, or want additional information, you can contact the Claims Administrator at [NUMBER].

Dated: [DATE].

**This Notice is sent to you by Order of the United States District Court for the Southern District of Ohio.**

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

_____

| | | |
|---|---|---|
| **DOMINIC MUSARRA, et. al.,** | : | **CIVIL ACTION** |
| | : | **Case No. 2:05-CV-545** |
| **Plaintiffs,** | : | |
| | : | |
| | : | **JUDGE MARBLEY** |
| **vs.** | : | |
| | : | **MAGISTRATE JUDGE KING** |
| | : | |
| **DIGITAL DISH, INC.,** | : | |
| | : | **OPT-OUT STATEMENT** |
| **Defendant.** | : | |

_____ :

**SUBMIT THIS FORM ONLY IF YOU DO NOT WISH TO REMAIN A CLASS MEMBER.  IF YOU
SUBMIT THIS FORM, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE
SETTLEMENT OF MINIMUM WAGE CLAIMS.**

     I wish to opt out of the class settlement of the _Musarra et al. v. Digital Dish, Inc._ minimum wage claims.  I
understand that by opting out, I will be excluded from the class settlement and will receive no money from the
settlement.  I understand that if I opt out, I may bring a separate lawsuit.  I understand that in any separate lawsuit, it is
possible that I may receive nothing or less than I would have received if I had filed a claim under the settlement in this
lawsuit.  I understand that any separate lawsuit undertaken by me will be undertaken at my own expense and at my
own risk.  I understand that counsel for the class will not represent my interests if I opt out. I understand that by
opting out, my claims may be time barred due the statute of limitations contained the Fair Labor Standards Act and
the Ohio Minimum Fair Wage Standards Act.

_____
Print Name

_____
Social Security Number

_____
Signature

**SEND TO CLAIMS ADMINISTRATOR AT:**

The Garden City Group, Inc., 5151 Blazer Parkway, Suite A, Dublin, OH  43017

**MUST BE MAILED BY UNITED STATES FIRST CLASS MAIL AND POSTMARKED NO LATER THAN
[DATE].
WE ADVISE YOU TO KEEP A COPY FOR YOUR RECORDS—YOU MAY WISH TO MAIL RETURN
RECEIPT REQUESTED.**

Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC MUSARRA, et. al., | : | **CIVIL ACTION** |
| | : | **Case No. 2:05-CV-545** |
| **Plaintiffs,** | : | |
| | : | |
| | : | **JUDGE MARBLEY** |
| **vs.** | : | |
| | : | **MAGISTRATE JUDGE KING** |
| | : | |
| DIGITAL DISH, INC., | : | |
| | : | |
| **Defendant.** | : | |

## <u>SETTLEMENT CLAIM FORM AND RELEASE</u>

***This form must be received by the Claims Administrator no later than [DATE].***

[To be pre-inserted by the Claims Administrator:]          [To be provided by the employee:]

Claim Number:                                    Name and Address Changes, if any:
Name:
Address:
City, State, Zip Code:

By signing below, I swear that I was hired by Digital Dish, Inc. as a job-based technician between June 2, 2002 and October 12, 2006.

By signing below, I forever and fully release Digital Dish, Inc., its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and / or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action (collectively, "the Released Parties") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal (including but not limited to under 29 U.S.C. §206), state, or other applicable law, which any

such Class Member has or might have, known or unknown, of any kind whatsoever, arising out of or connected with the facts alleged in the Complaint or Amended Complaint which were pled or could have been pled in the Civil Actionarising from the period of June 2, 2002 to the Effective Date (**with the exception of overtime wage claims since June 2, 2002 under the FLSA and/or Ohio Revised Code Chapter 4111 and any workers' compensation claims under Ohio law) ("Released Claims").**

      I acknowledge that this Settlement Claim Form and Release is intended to include in its effect all claims asserted in the Civil Action, **except those claims described in BOLD above**, including both asserted and unasserted claims, and including those claims that I do not know or suspect to exist in my favor against Digital Dish, Inc.

      I declare under penalty of perjury that the above information is correct.

_____      _____
Date                                              Signature

      To be valid, this Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator at the following address via First Class United States mail, and received by [DATE]:

The Garden City Group, Inc.
5151 Blazer Parkway
Suite A
Dublin, OH  43017

Turn over for more information

# SETTLEMENT CLAIM FORM AND RELEASE INSTRUCTIONS

**In order to receive any portion of the settlement funds you MUST sign, date, and return the SETTLEMENT CLAIM FORM AND RELEASE attached to this document in time for the Claims Administrator to receive it by [DATE].  If the Claims Administrator does not receive the SETTLEMENT CLAIM FORM AND RELEASE by [DATE], you will not be eligible to receive any portion of the settlement funds.  For more information on the Settlement, how your share of the settlement funds was calculated, and your rights, please see the attached NOTICE.**

**By signing, dating, and returning the SETTLEMENT CLAIM FORM AND RELEASE, you are agreeing to the release of claims set forth below (for further information, see NOTICE).**

The Settlement Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf.

If you are a Class Member and you did not opt out of the settlement, and if you properly complete the Settlement Claim Form and Release and timely mail it to the Claims Administrator, you will be eligible for a distribution from the Settlement in accordance with the formula described in section 6 of the Notice.

You may return the Settlement Claim Form and Release in the addressed, pre-paid envelope that has been enclosed.  This Settlement Claim Form and Release must be sent to the address on that envelope:

The Garden City Group, Inc.

5151 Blazer Parkway

Suite A

Dublin, OH  43017

**BE SURE TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.**

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dominic Musarra, et al. | Case No. C2-05-545 |
| Plaintiffs, | Judge Marbley |
| vs. | Magistrate Judge King |
| Digital Dish, Inc., | |
| Defendant. | |

## ORDER

Upon the Joint Motion of the Parties for Order Conditionally Certifying Settlement Class

and Preliminarily Approving Class Action Settlement, it is hereby ORDERED that:

Plaintiffs and Defendant Digital Dish, Inc. jointly move this Court for an Order with the

following parameters:

- The Court hereby certifies, for purposes of settling the minimum wage portions of the Plaintiffs claims only, a settlement class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); the class is defined as all job-based technicians hired by Defendant between June 2, 2002 and October 12, 2006 who participated in the Defendant's training program.

- The Court appoints the Plaintiffs as class representatives of the Class.

- The Court appoints (1) Robert E. DeRose and Robert K. Handelman of Barkan Neff Handelman Meizlish, LLP and (2) John S. Marshall and Edward R. Forman of Marshall and Morrow, LLC as Co-Class Counsel for the Class.

- The Court grants preliminary approval of the settlement of claims set forth in the Settlement Agreement attached to the Joint Motion for Order Conditionally Certifying Settlement Class and Preliminarily Approving Class Action Settlement ("the Settlement").

- The Court approves the Plaintiffs' transmission to the Class Members of a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached to the Settlement Agreement as Exhibit A), a proposed Opt-Out

Statement (attached to the Settlement Agreement as Exhibit B), and a proposed Settlement Claim Form and Release (attached to the Settlement Agreement as Exhibit C) (collectively "Notice Materials").

- The Court hereby sets a Fairness Hearing for final approval of the Settlement Agreement and Settlement, on _____ at _____.

IT IS SO ORDERED

_____
United State States Magistrate Judge