IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Dominic Musarra,** *et. al.* | : | Case No. C2-05-545 |
| | : | |
| **Plaintiffs,** | : | **JUDGE MARBLEY** |
| | : | |
| | : | Magistrate Judge Kemp |
| | : | |
| **Digital Dish, Inc.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Plaintiffs' Counsel moves this Court for an Award of Attorneys' Fees and Reimbursement of Costs in connection with their work on the minimum wage portion of this case, pursuant to 29 U.S.C. § 216(b). Section 216(b) provides that, "in addition to any judgment awarded to the plaintiff or plaintiffs, [the court should] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." It is hereby **ORDERED** that:

(1) Plaintiffs' Counsel is awarded $14,000.00 for attorneys' fees in connection with the litigation, negotiation and settlement of the minimum wage portion of Plaintiffs' claims; and

(2) Plaintiffs' Counsel is awarded $2,909.24 for reimbursement of out-of-pocket expenses incurred during the litigation, negotiation and settlement of the minimum wage portion of Plaintiffs' claims.

This award is reasonable under the "percentage of fund" analysis employed by the Sixth Circuit. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (*citing Denney v. Phillips & Buttorff Corp.*, 331 F.2d 249 (6th Cir. 1964). Plaintiffs' counsel secured a favorable result that will benefit over 1,800 workers. Also, there is a significant interest in rewarding attorneys who represent workers in connection with minimum wage labor claims

against employers. Moreover, Plaintiffs' counsel undertook this representation on a contingency fee basis, which carries the risk of non-payment. Although Plaintiffs' counsel provided the Court with the specific hourly rates billed by Plaintiffs' counsel and staff in connection with this matter, the requested fees result in a much lower hourly rate. Finally, the litigation and negotiation of a settlement for this portion of the case involved complex issues of law executed by skilled and experienced attorneys.

The Court also finds these attorney fees reasonable because the awarded amount represents a significant downward departure from the applicable lodestar calculation for the services rendered by Plaintiffs' counsel. Furthermore, the requested fees were agreed to by the Plaintiff Class Representatives and the Defendant under the conditionally certified Settlement Agreement.

Plaintiffs' counsel is also granted a reimbursement of $2,909.24 for expenses incurred during the course of litigating and negotiating this portion of the action. Although the Settlement Agreement referenced by Plaintiffs' counsel in support of their motion for attorneys' fees did not appropriate additional settlement funds specifically for expenses, "[t]here is no doubt that an attorney who has created a [settlement] for the benefit of the class is entitled to reimbursement of…*reasonable* litigation expenses." *In re IKON*, 194 F.R.D. 166, 192 (E. D. PENN. 2000) (internal citations omitted).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY
United States District Court Judge**

**DATE: September 23, 2008**