**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Dominic Musarra, et al. | Case No. C2-05-545 |
| Plaintiffs, | Judge Marbley |
| vs. | Magistrate Judge King |
| Digital Dish, Inc., | |
| Defendant. | |

**JOINT MOTION FOR ORDER CONDITIONALLY CERTIFYING
RULE 23 SETTLEMENT CLASS AND PRELIMINARILY APPROVING
RULE 23 CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiffs and Defendant Digital Dish, Inc. jointly move this Court for an Order with the following parameters:

- First, the Parties move for certification, for settlement purposes only, of a settlement class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Class includes all job-based technicians employed by Defendant between August 10, 2006 and December 31, 2008.

- Second, the Parties respectfully request that this Court appoint Named Plaintiffs Brian Westfall, Tom Denney, Joseph Addington, Aaron Ross, and Darryl Hall as class representatives of the Rule 23 Class.

- Third, the Parties respectfully request that the Court appoint the Plaintiffs' attorneys as Class Counsel for the Rule 23 Class.

- Fourth, the Parties move this Court for preliminary approval of a settlement of claims set forth in the Rule 23 Class Action Settlement Agreement ("Rule 23 Agreement") attached hereto as Exhibit 1 and the settlement reflected in that agreement ("the Settlement").

- Fifth, the Parties move this Court for approval for Plaintiffs to send to the Rule 23 Class Members a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached to the Rule 23 Class Action Settlement Agreement as Exhibit A), a proposed Opt-Out Statement (attached to the Rule 23 Class Action Settlement Agreement as Exhibit B), and a proposed Settlement Claim Form and

  Release of Claims (attached to the Rule 23 Class Action Settlement Agreement as Exhibit C) (collectively "Notice Materials").

- Sixth, the Parties respectfully move this Court for an Order setting a Fairness Hearing on July 13, 2009 for final approval of the Rule 23 Class Action Settlement Agreement and Settlement, consistent with the time frame set forth in this Motion.

  In jointly filing this motion with the Plaintiffs, Defendant Digital Dish, Inc., does not waive any defenses or concede any facts and does not oppose this Motion.

  A Memorandum in Support of this Motion is attached hereto.

Of Counsel:

Susan M. DiMickele (0064837)
Amy Ruth Ita (0074520)
SQUIRE, SANDERS & DEMPSEY L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)

Respectfully submitted,

/s/ Jill S. Kirila
Jill S. Kirila (0068593)  (Trial Attorney)
SQUIRE, SANDERS & DEMPSEY L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)

Attorneys for Defendant Digital Dish, Inc.


/s/ John S. Marshall
John S. Marshall (0015160)  (Co-Lead Counsel)
Edward R. Forman (0076651)
MARSHALL & MORROW, LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
(614) 463-9780 (facsimile)

/s/ Robert E. DeRose
Robert E. DeRose (0055214)  (Co-Lead Counsel)
Robert K. Handelman (0019589)
BARKAN NEFF HANDELMAN MEIZLISH, L.L.P.
360 South Grant Avenue
P.O. Box 1989
Columbus, Ohio 43216
(614) 221-4221
(614) 744-2300 (facsimile)

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Dominic Musarra, et al. | Case No. C2-05-545 |
| Plaintiffs, | Judge Marbley |
| vs. | Magistrate Judge King |
| Digital Dish, Inc., | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
ORDER CONDITIONALLY CERTIFYING RULE 23 SETTLEMENT CLASS
AND PRELIMINARILY APPROVING
RULE 23 CLASS ACTION SETTLEMENT AGREEMENT**

**I.    INTRODUCTION**

After mediation and notwithstanding their adversarial positions in this matter, Plaintiffs and Digital Dish, Inc. (collectively, "the Parties") have, with a mediator's assistance, negotiated a settlement of this litigation. The terms of the proposed settlement are set forth in the proposed Rule 23 Class Action Settlement Agreement, which is attached to the proposed Preliminary Approval Order as Exhibit 1. The Parties have stipulated—for purposes of this settlement *only*, that the proposed settlement class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), which are applicable to class settlements.

The Settlement is the product of arms-length negotiations between the Parties under the mediation of a private mediator and is a fair, reasonable, and adequate resolution of the claims in this matter. The Notice Materials provide the putative class members with the best notice

practical under the circumstances and allow for a full and fair opportunity to consider the Settlement and to develop a response.

As such, this Court should certify a Rule 23 Settlement Class for settlement purposes only. This Court should also preliminarily approve the Rule 23 Class Action Settlement Agreement and Settlement, and set a Fairness Hearing to consider final approval on July 13, 2009. Additionally, this Court should approve the form and proposed manner of distribution of the Notice Materials.

## II. FACTS

### A. The Parties' Claims And Defenses

The Plaintiffs and the settlement class they seek to represent ("Rule 23 Class Members") consist of all job-based technicians employed by Defendant between August 10, 2006 and December 31, 2008.[1] Plaintiffs contend that Digital Dish has failed to pay them proper overtime pursuant to Chapter 4111 of the Ohio Revised Code and the Fair Labor Standards Act ("FLSA").

For its part, Digital Dish disputes, and it continues to dispute, Plaintiffs' allegations in this lawsuit, and its has expressly denied liability for any of the claims that Plaintiffs and/or the persons that they seek to represent have raised or could have raised. Further, it is apparent from the proceedings to date and the Parties' mediation process that, were the litigation to continue, Digital Dish would aggressively pursue a number of defenses, both on the merits and class certification.

Such defenses notwithstanding, Digital Dish has concluded that it is in its best interests to resolve and settle this litigation pursuant to the attached Rule 23 Class Action Settlement Agreement. The Company has entered the agreement to avoid the burden, expense, and

uncertainty of continued litigation; it does not admit or concede that any employees failed to receive minimum wage or that it would be found liable if this matter were to proceed to trial.

For their part, Plaintiffs' counsel has analyzed and evaluated the merits of Plaintiffs' claims made against Digital Dish in the Civil Action and the impact of the Rule 23 Class Action Settlement Agreement on Plaintiffs and the Rule 23 Class Members.  Specifically, while Plaintiffs' counsel believes that Plaintiffs' claims are meritorious and that Plaintiffs would eventually prevail in certifying this case as a class action and would prevail on the merits of the remaining overtime claims, Plaintiffs' counsel has also considered factors such as the substantial risk of continued litigation and the possibility that the case, if not settled now, might not result in any recovery or might result in a recovery several years from now that is less favorable to Rule 23 Class Members than that offered by the Rule 23 Class Action Settlement Agreement.  In light of such considerations, Plaintiffs' counsel is satisfied that the terms and conditions of the Settlement are fair, reasonable and adequate and that the Settlement is in the best interests of the Rule 23 Class.

### B. The Rule 23 Settlement Class

As part of the Rule 23 Class Action Settlement Agreement, Digital Dish agreed, for settlement purposes only, not to oppose certification of the following Rule 23 settlement class:

> **All job-based technicians employed by Defendant between August 10, 2006 and December 31, 2008.**

### C. Class Counsel

Plaintiffs in this matter are represented by a number of attorneys from various law firms:

| John S. Marshall | Robert Handelman |
| Edward R. Forman | Robert DeRose |

---

[1] In January 2009 Digital Dish starting using a different method of paying its Technicians.  In addition, the Rule 23 Class and the requested relief was brought pursuant to Ohio state wage and hour law, specifically the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §4111 *et seq.* and not the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

| | |
|---|---|
| Marshall & Morrow, L.L.C. | Barkan Neff Handelman Meizlish, L.L.P. |
| 111 West Rich Street, Suite 430 | 360 South Grant Avenue |
| Columbus, Ohio 43215-5296 | P.O. Box 1989 |
| | Columbus, Ohio 43216 |

Class Counsel—a consortium consisting of four lawyers from two different law firms—have extensive experience in prosecuting and litigating wage-and-hour actions such as this. Further, Class Counsel have the resources to effectively prosecute large-scale wage actions. Indeed, Class Counsel have conducted extensive investigation of this case, reviewing thousands of pages of documents produced by Digital Dish, reviewing data on potential class members, and interviewing Rule 23 Class Members regarding their job duties and overtime claims.

### D. Terms Of The Proposed Settlement

The Rule 23 Class Action Settlement Agreement and Settlement are the result of extensive and vigorously contested negotiations on the part of Plaintiffs' counsel and Digital Dish's counsel, all of whom have substantial experience in litigating class actions involving similar claims.

#### 1. Monetary Relief To Rule 23 Class Members

Each Rule 23 Class Member, as that term is defined in the Rule 23 Class Action Settlement Agreement, is eligible to receive a specified share of a $390,000.00 Rule 23 Settlement Fund based upon assumptions described below. Distributions to Rule 23 Class Members from the $390,000.00 Rule 23 Settlement Fund shall be made after deductions for court-approved attorneys fees and costs.

#### 2. Plan Of Allocation

The Rule 23 Class Action Settlement Agreement includes a proposed plan of allocation, based on a formula carefully designed to fairly compensate Rule 23 Class Members. Each Rule 23 Class Member who does not opt-out and who properly completes a Settlement Claim Form and Release of Claims will receive a proportionate share of the net settlement payment. Each

Rule 23 Claimant shall be paid the sum of $6.97 per work week, less required tax withholding. The Parties reached this amount by the following calculation:

> The Rule 23 Settlement Fund ($390,000.00) is reduced by one-third for attorneys fees and costs ($130,000.00) which leaves $260,000.00. The remainder of the remainder of the Rule 23 Settlement Fund ($260,000.00) will be distributed to the 1070 Rule 23 Claimants pro-rata based on the number of weeks they worked from August 10, 2006 until December 31, 2008. The total number of weeks worked for all 1070 Rule 23 Claimants is 37,275. The weekly rate is $6.97. The weekly rate was determined by dividing $260,000.00 by 37,275. Then each Rule 23 Claimant received $6.97 for each week they worked from August 10, 2006 until December 31, 2008.

(*See* Rule 23 Class Action Settlement Agreement at ¶ 2.6)

### 3. Attorneys Fees And Costs

Prior to the Fairness Hearing, Class Counsel will petition the Court for an attorneys fees and costs award not to exceed $130,000.00 of the Rule 23 Settlement Fund as an award of attorneys fees and reasonable costs. In litigating this matter, Class Counsel have reviewed documents produced by Digital Dish demonstrating pay records and hours worked, interviewed several technicians, and performed other valuable service on behalf of the Rule 23 Settlement Class. Digital Dish will not oppose such a fee and cost application. (*See id.*)

## II. LEGAL ANALYSIS SUPPORTING PRELIMINARY APPROVAL

### A. The Standards Governing Approval Of Class Action Settlements

A "class action shall not be dismissed or compromised without the approval of the court." *See* Fed. R. Civ. P. 23(e). The court's first step in the approval process is determining whether the class-qualifying criteria set forth in Fed. R. Civ. P. 23 are satisfied. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 250−51 (S.D. Ohio 1991); *In re Dun & Bradstreet Credit Serv. Customer Litigation*, 130 F.R.D. 366, 373−74 (S.D. Ohio 1990).

### B. Class Certification Is Appropriate

#### 1. The Prerequisites Of Rule 23 Are Satisfied

When confronted with a request for certification of a settlement class, the court's "threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "In addition . . . the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3)." *Id.* at 1022.

In the instant case, Plaintiffs propose that the Court certify the Rule 23 Settlement Class pursuant to Rule 23(b)(3), which is appropriate "whenever the actual interests of the parties can be served best by settling their differences in a single action.'" *Id.* (quoting 7A Wright, Miller & Kane, Fed. Practice & Proc. § 1777 (2d ed. 1986)). "To qualify for certification under this subsection, a class must satisfy two [additional] conditions." *Id.* "[C]ommon questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).

Under these standards, this Court should certify the Rule 23 Settlement Class that the Parties have proposed.

Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These requirements are discussed in detail below.

### (a) Rule 23(a)(1):  Numerosity

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members would be "impracticable." *See* Fed. R. Civ. P. 23(a)(1). Here, "'[i]mpractical' does not mean 'impossible,' and a plaintiff only need establish the difficulty or inconvenience of joining all members of the class to meet the numerosity requirement." *See Union P. R. Co. v Woodahl*, 308 F Supp 1002 (D. Mon. 1970).

In this case, the proposed Rule 23 Settlement Class contains approximately 1070 persons, all of whom are readily identifiable from Digital Dish's payroll records. It would be nearly impossible from an administrative perspective to join all such plaintiffs through non-class action mechanisms. Therefore, numerosity as required by Rule 23(a)(1) is satisfied for the proposed Rule 23 Settlement Class.

### (b) Rule 23(a)(2): Commonality

Rule 23(a) also requires that there are "questions of law or fact common to the class." Plaintiffs contend, and Digital Dish does not dispute for purposes of settlement only, that several common questions of fact and law exist, including:

1. Whether Plaintiffs were exempt from overtime requirements.
2. Whether Digital Dish policy properly paid Plaintiffs overtime for hours worked over 40 in a workweek.
3. Whether Digital Dish had knowledge that Plaintiffs worked over 40 hours in a workweek.

Plaintiffs submit that these issues satisfy the commonality requirements of Fed. R. Civ. P. 23(a)(2).

### (c) Rule 23(a)(3): Typicality

Rule 23 also requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other

class members and if his claims are based on the same legal theory. *See Elkins v Am. Showa, Inc.*, 219 FRD 414 (S.D. Ohio 2002). In the present litigation, Plaintiffs contend, and Defendant does not dispute for purposes of settlement, that the class representatives' claims arise out of the same type of factual and legal circumstances surrounding the claims of each Rule 23 Class Member. Specifically, Plaintiffs contend that they all were subject to the same pay practices concerning overtime.

### (d) Rule 23(b)(4): Adequacy of Representation

Rule 23 also requires that the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This requirement is grounded in "due process concerns," as class members are constitutionally entitled to "adequate representation before an entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). The adequacy requirement is met where the representatives: (1) have common, and not antagonistic, interests with unnamed members of the class, and (2) will vigorously prosecute the interests of the class through qualified counsel. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Hanlon*, 150 F.3d 1020.

Here, as noted and detailed above, Plaintiffs contend that the Plaintiffs possess the same type of interests and suffered the same type of injury as the other proposed Rule 23 Class Members. As to the second "adequacy" requirement, Plaintiffs have prosecuted this matter diligently through their counsel. Indeed, Plaintiffs' counsel—a group of two law firms and four lawyers—have extensive experience in class action litigation including class overtime and are well-qualified to be appointed as Class Counsel.

Therefore, Plaintiffs contend, and Digital Dish does not dispute solely in connection with this motion, that the adequacy requirement of Rule 23(a)(4) is satisfied for purposes of

certification of settlement classes, Plaintiffs should be appointed as Class Representatives, and Plaintiffs' counsel should be appointed as Class Counsel.[2]

### (e) Rule 23(b)(3)

Having met the four prerequisites for class certification found in Rule 23(a), Plaintiffs submit that the next consideration is whether the settlement class satisfy Rule 23(b)(3).

They do. To qualify for certification under this subsection, a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: (1) common questions must "predominate over any questions affecting only individual members;" and (2) class resolution must be "superior to other available methods for the fair and efficient resolution of the controversy." *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

In analyzing whether these conditions are satisfied, pertinent considerations include: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; and (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum.

In light of such considerations, Plaintiffs contend, and Digital Dish does not dispute solely for purposes of this motion, that both Rule 23(b)(3)'s predominance and superiority requirements are satisfied in this case for purposes of certifying settlement classes.

### (1) Common Questions Predominate

"The Rule 23(a)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022. It focuses on the "relationship between the common and individual issues." *Id.* "When common questions present

---

[2] Since this motion is made in connection with a proposed class settlement, it is unnecessary to address or decide the fourth consideration contained in Rule 23(b)(3)—"manageability" of a trial—since there will be no trial if this settlement is approved. *See Amchem*, 521 U.S. at 620.

a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id*. (quoting 7A Wright, Miller & Kane, Fed. Prac. & Proc. § 1778 (2d ed. 1986)).

In this case, Digital Dish's alleged liability centers around the Company's alleged failure to pay Rule 23 Class Members proper overtime for all hours worked over 40 in a workweek. As detailed in Section II.A.1.b., *supra*, Plaintiffs contend that the resolution of Plaintiffs' class claims involves a number of common issues. Moreover, Plaintiffs contend that the common issues will predominate because Plaintiffs and the Rule 23 Class Members hold or held the same positions and Digital Dish paid them pursuant to a common policy.

As a result, Plaintiffs contend, and Digital Dish does not dispute for purposes of settlement only, that the common factual and legal issues raised by the central allegations will predominate. *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 89 (S.D.N.Y. 2001).

### (2) Class Action Is Superior

Rule 23(a)(3)'s final requirement is that "resolution of the issues on a class wide basis [be] superior to other methods available for the fair and efficient adjudication of the controversy." Plaintiffs contend that this requirement is satisfied because there is no indication that class members seek to individually control their cases, that individual litigation is already pending in other forums, or that this particular forum is undesirable for any reason. Further, Rule 23 Class Members may lack the resources to secure experienced and qualified representation or to see litigation through to completion. In addition, individual lawsuits from thousands of individuals would be wasteful and inefficient.

Accordingly, Plaintiffs contend, and Digital Dish does not dispute for purposes of settlement, that certification of settlement classes is superior to any other method of resolving this matter, as it will promote economy, expediency, and efficiency.

### C. The Settlement Is Fair, Reasonable And Adequate

A "class action shall not be dismissed or compromised without the approval of the court." *See* Fed. R. Civ. P. 23(e). Such approval "involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, the court need only "determine whether the proposed settlement is within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982) (internal citations and quotations). In other words, because the court cannot fully assess a settlement prior to providing class members notice of the settlement and the opportunity to present objections, the court's first-stage analysis consists of a review for "obvious deficiencies." *In re Prudential Securities Inc. Ltd. Partnerships*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

To grant preliminary approval of this Settlement, the Court must find only that the settlement is non-collusive and within the range of possible final approval, also described as "the range of possible judicial approval." *In re Vitamins Antitrust Litig.*, 2001 U.S. Dist. LEXIS 25071, at *30−31 (D.D.C. July 25, 2001); *see also* Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, § 11.41 (4th ed. 2006).

This is a minimal standard. As long as "preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval," the court

should preliminarily approve the settlement. *In re Vitamins*, 2001 U.S. Dist. LEXIS 25071, at *30 (quoting *Manual for Complex Litigation, Third* (FJC 1995)). The court may also direct the giving of notice to the class members of a final approval hearing, "at which arguments and evidence may be presented in support of and in opposition to the settlement." *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002) (quoting *Manual for Complex Litigation, Third*, at 237); 4 Newberg, § 11.25 (quoting same).

Here, the Parties negotiated the proposed Settlement in good faith and at arms length, under the direct supervision of a private mediator. As noted above, discovery has allowed Class Counsel—who are experienced wage and hour class action attorneys—to assess the strengths and weaknesses of the claims against Defendant and the benefits of the proposed Settlement under the circumstances of this case.

Counsel for both Parties have conducted a thorough investigation into the facts of the case and diligently investigated the Rule 23 Class Members' claims against Digital Dish. Moreover, the compensation sought for Class Counsel is not excessive. Class Counsel will request a fee of *up to* $130,000.00 (approximately 33.3% of the total fund).

The process which generated the attached Rule 23 Class Action Settlement Agreement has been extensive, beginning as early as August 2007 and involving the exchange of thousands of documents (61,842 pages to be exact) and extensive discussions regarding the legal issues involved in litigating and settling a case of this kind.

As an initial matter, on August 31, 2007, the Parties began engaging in discovery for case assessment and potential resolution purposes pursuant to Court order. (Docs. 102, 114, 191) With the Court's assistance through discovery conferences, the Parties engaged in a sampling of discovery in order to assess the case for mediation: production of employment work files and work history (including invoices and interactive voice records) for 30 Plaintiffs and the

production of statewide daily records for 15 dates (including trouble call percentage reports and weekly completion ratio reports). Further, a total of 12 Plaintiffs responded to written discovery.

Through these documents, the Parties independently assessed the number of hours that Plaintiffs were likely to have worked per week without recording them.

Counsel for both of the Parties began the process of settlement negotiations, deciding early on that the most reasonable method of settlement would be to create an estimate of hours on top of the hours recorded by the technicians on certain weekly invoices kept by them in the course of their weekly duties. In an effort to determine the correct number of hours for this estimate, counsel embarked on a joint examination of the time sheets filled out by a sampling the technicians during their employment. During the course of this examination, counsel engaged in extensive discussion of how many hours the technicians were likely to work, how many they were likely to reduce (or inflate) their hours worked, and whether Digital Dish would likely be liable for such failure.

In addition, counsel for the Parties engaged in extensive discussion of the legal background of this case and the challenges facing both sides in: (1) obtaining or resisting final certification and decertification; and (2) proving or resisting liability.

### III. LEGAL ANALYSIS SUPPORTING THE NOTICE MATERIALS

Under Rule 23(e), the court must "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." Fed. R. Civ. P. 23(e)(1)(B). The notice standard is satisfied here.

The notice provided to members of a class certified under Rule 23(b)(3) must be the "best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v.*

*General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations omitted). Moreover, notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded." Fed. R. Civ. P. 23(c)(2)(B).

In this case, the form and the manner of the Notice Materials, including the Class Notice, Opt-Out Statement, and Settlement Claim Form and Release of Claims, have been negotiated and agreed upon by all counsel. The Notice Materials will inform Rule 23 Class Members of, among other things (1) appropriate information about the nature of this litigation, the settlement class at issue, Class Counsel, and the essential terms of the Rule 23 Class Action Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys fees, and other payments that will be deducted from the Rule 23 Settlement Fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Rule 23 Class Action Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation, the Rule 23 Class Action Settlement Agreement, and the Settlement. The Parties propose that, upon entry of an Order Granting this Motion, the Class Notice shall issue. (*See* Rule 23 Class Action Settlement Agreement at ¶ 3.2) A third-party claims administrator will mail a copy of the Class Notice to the last known address of each Rule 23 Class Member as that name appears in Digital Dish records. (*Id.*)

Notice will be sent by first class mail, and the costs of sending the Notice shall be paid out of a claims administrator fee of up to $40,000.00, which is separate from the Rule 23 Settlement Fund. The claims administrator will take all reasonable steps to obtain the correct address of any Rule 23 Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice.

The Parties propose that, under the notice plan outlined above, the Rule 23 Class Members will have 40 days after the Notice is mailed to consider the proposed Settlement and opt-out of the Settlement or submit objections.

The foregoing notice plan provides the best notice practical under the circumstances and will provide Rule 23 Class Members a full and fair opportunity to consider the terms of the proposed Rule 23 Class Action Settlement Agreement and make a fully informed decision on whether to participate, to object, or to opt-out of the Settlement.

## V. PROPOSED SCHEDULING ORDER

The following schedule sets forth a proposed sequence for the relevant dates and deadlines, assuming the Court preliminarily approves the Settlement.

- Mailing of Notice Materials to class: within 10 days after date of Order granting preliminary approval.

- Deadline for submission of Opt-Out Statements: Must be postmarked by 40 days after the Claims Administrator mails the Notice.

- Deadline for objections: Must be received by Claims Administrator within 40 days after the Claims Administrator mails the Notice.

- Class Action Fairness Hearing: Set by the Court for July 13, 2009.

## VI. CONCLUSION

Accordingly, the Parties request that the Court issue an Order:

- Certifying, for settlement purposes only, a settlement class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).  The Class includes all job-based technicians employed by Defendant between August 10, 2006 and December 31, 2008.

- Appointing the Named Plaintiffs as class representatives of the Class.

- Appointing the Plaintiffs' attorneys as Class Counsel for the Class.

- Preliminarily approving a settlement of claims set forth in the Rule 23 Class Action Settlement Agreement attached to the proposed Preliminary Approval Order as Exhibit 1 and the settlement reflected in that agreement ("the Settlement").

- Approving transmission by the Plaintiffs to the Rule 23 Class Members of a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached to the Rule 23 Class Action Settlement Agreement as Exhibit A), a proposed Opt-Out Statement (attached to the Rule 23 Class Action Settlement Agreement as Exhibit B), and a proposed Settlement Claim Form and Release of Claims (attached to the Rule 23 Class Action Settlement Agreement as Exhibit C) (collectively "Notice Materials").

- Setting a Fairness Hearing for final approval of the Rule 23 Class Action Settlement Agreement and Settlement for July 13, 2009.

Of Counsel:

Susan M. DiMickele (0064837)
Amy Ruth Ita (0074520)
SQUIRE, SANDERS & DEMPSEY L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 365-2700
(614) 365-2499 (facsimile)

Respectfully submitted,

/s/ Jill S. Kirila
Jill S. Kirila (0068593)  (Trial Attorney)
SQUIRE, SANDERS & DEMPSEY L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 365-2700
(614) 365-2499 (facsimile)

Attorneys for Defendant Digital Dish, Inc.


/s/ John S. Marshall
John S. Marshall (0015160)  (Co-Lead Counsel)
Edward R. Forman (0076651)
MARSHALL & MORROW, LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
(614) 463-9780 (facsimile)

/s/ Robert E. DeRose
Robert E. DeRose (0055214)  (Co-Lead Counsel)
Robert K. Handelman (0019589)
BARKAN NEFF HANDELMAN MEIZLISH, L.L.P.
360 South Grant Avenue
P.O. Box 1989
Columbus, Ohio 43216
(614) 221-4221
(614) 744-2300 (facsimile)

Attorneys for Plaintiffs