IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dominic Musarra, et al.<br><br>         Plaintiffs,<br><br>vs.<br><br>Digital Dish, Inc.,<br><br>         Defendant. | Case No. C2-05-545<br><br>Judge Marbley<br><br>Magistrate Judge King |

## RULE 23 CLASS ACTION SETTLEMENT AGREEMENT

This Rule 23 Class Action Settlement Agreement ("the Agreement") is entered into between Plaintiffs, all of whom are represented by Marshall & Morrow, LLC and Barkan Neff Handelman Meizlish, L.L.P., and Defendant Digital Dish, Inc. represented by Squire, Sanders and Dempsey L.L.P.

### I. DEFINITIONS

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all its Exhibits.

1.1 "The Civil Action" means the above-captioned case.

1.2 This Agreement is intended to be binding upon all Rule 23 Class Members (who are defined in ¶ 1.15), which encompass for purposes of this Agreement as all persons who were job-based technicians of Defendant between August 10, 2006 and December 31, 2008. Class Counsel and Defense Counsel have agreed upon a list of all individuals who are designated for settlement purposes only as class members under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class Members").

1.3 The "Court" means the United States District Court for the Southern District of Ohio, Eastern Division, Judge Algenon L. Marbley and Magistrate Judge Norah McCann King.

1.4 "Class Counsel" means John S. Marshall and Edward R. Forman of Marshall & Morrow, LLC, Robert DeRose and Robert Handelman of Barkan Neff Handelman Meizlish, L.L.P. "Defense Counsel" means Jill S. Kirila, Susan M. DiMickele, and Amy Ruth Ita of Squire, Sanders & Dempsey L.L.P.

1.5 "Defendant" and "the Company" mean Digital Dish, Inc.

1.6 "Effective Date" means the date upon which all of the following have occurred: (1) entry of an Order by the Court certifying the Rule 23 Class for purposes of this settlement; and (2) entry of final approval order as defined in ¶ 1.10.

1.7 "Class Representatives" for the Rule 23 Class Members means, for purposes of settlement only, Plaintiffs Brian Westfall, Tom Denney, Joseph Addington, Aaron Ross, and Darryl Hall.

1.8 The "Parties" means the Class Representatives and Defendant.

1.9 "The Preliminary Approval Order" means the Order entered by this Court preliminarily approving the Rule 23 Class Action Settlement Agreement following submission to the Court of a Joint Motion for Order Conditionally Certifying Rule 23 Settlement Class and Preliminarily Approving Rule 23 Class Action Settlement Agreement.

1.10 "The Rule 23 Final Approval Order" means the Order entered by this Court approving the terms of the Rule 23 Class Action Settlement Agreement following submission to the Court of a Joint Motion for Order for Final Certification of a Rule 23 Settlement Class and Final Approval of Rule 23 Class Action Settlement Agreement.

1.11 "Rule 23 Released Claims" has the meaning ascribed to it in ¶ 5.1(A) of this Agreement.

1.12  "Relevant Period" means August 10, 2005 to the Effective Date. The Parties agree that the Rule 23 Class Members and all similarly situated employees were exempt from overtime requirements of the FLSA and Ohio law prior to August 10, 2005.

1.13  "Released Parties" means Defendant and DISH Network, Inc., their owners (including, but not limited to, Jerry Anderson), stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action.

1.14  "Rule 23 Settlement Fund" means $390,000.00, to be paid by Defendant to pay the claims of any and all Rule 23 Claimants minus certain attorneys fees and costs granted by the Court.

1.15  "Rule 23 Class Member" means any current or former employee of Defendant who was employed as a technician from August 10, 2006 until December 31, 2008 and who did not join this litigation. There are 1070 Rule 23 Class Members.

1.16  "Rule 23 Claimant" means any Rule 23 Class Member who timely returns and signs a Settlement Claim Form and Release of Claims.

1.17  "Claims Administrator" means The Garden City Group, Inc.

## II.  RECITALS

2.1  On or about June 3, 2005, Plaintiffs brought this Civil Action, in which they claimed that Defendant violated the Fair Labor Standards Act ("FLSA") and The Ohio Minimum Fair Wage Standards Act by failing to pay job-based technicians for all time worked. Plaintiffs

sought recovery of overtime pay, liquidated damages in an amount equal to the overtime pay, pre- and post- judgment interest, costs, and reasonable attorneys fees, and other relief.[1]

2.2    Class Counsel conducted a thorough investigation into the facts of the action including an extensive review and audit of numerous company and employee documents, including payroll records, job reports, employee invoices, and diligently pursued an investigation of the Plaintiffs' claims against Defendant. Interviews of numerous class members were obtained; depositions of company and employee witnesses were taken and records of class non-class members were extensively audited. Based on their investigation and evaluation, Class Counsel are of the opinion that the settlement set forth in this Agreement is fair, reasonable, adequate, and is in the best interest of all of the Rule 23 Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and other potential legal issues.

2.3    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement of all Rule 23 Released Claims against all Released Parties.

2.4    Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.5    This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties. The Parties further acknowledge and agree that neither this Agreement nor the settlement shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, namely Defendant, Jerry Anderson, or DISH Network, Inc. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Settlement, shall constitute evidence with respect to any issue

---

[1] The minimum wage claims asserted in this litigation were settled on February 4, 2008. See, Court's order, Doc. 122.

or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.6  The formula used to calculate the amount to be paid to each Rule 23 is as follows: The Rule 23 Settlement Fund ($390,000.00) is reduced by one-third for attorneys fees and costs ($130,000.00) which leaves $260,000.00. The remainder of the remainder of the Rule 23 Settlement Fund ($260,000.00) will be distributed to the 1070 Rule 23 Claimants pro-rata based on the number of weeks they worked from August 10, 2006 until December 31, 2008. The total number of weeks worked for all 1070 Rule 23 Claimants is 37,275. The weekly rate is $6.97. The weekly rate was determined by dividing $260,000.00 by 37,275. Then each Rule 23 Claimant received $6.97 for each week they worked from August 10, 2006 until December 31, 2008.

2.7  In the event that the Court fails to enter a Rule 23 Preliminary Approval Order or a Rule 23 Final Approval Order, or in the event that any objector successfully appeals any such Order, the Civil Action will proceed as if no settlement had been attempted. In that event, the Civil Action will resume as it existed on November 6, 2008 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of the renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective or class action and to contest the merits of any claims being asserted by Plaintiffs. In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of merits discovery, and the filing of motions, including with respect to certification and decertification of any class.

2.8    Within fifteen (15) days of the Court entering a Rule 23 Final Approval Order, Class Counsel shall sign and return to Defense Counsel an entry dismissing the Civil Action with prejudice, but such entry shall not be filed until the later of:

(A)    The time for any appeal of the Rule 23 Final Approval Order has expired; or

(B)    The upholding of the Rule 23 Final Approval Order, in the event any objector appeals the Rule 23 Final Approval Order.

2.9    Rule 23 Claimants who are current employees agree to certify in writing at the time of execution of the Settlement Claim Form and Release of Claims that they: (1) agree to comply with Defendant's payroll reporting policies and accurately and completely report all working time; (2) will immediately report to the state superintendent any instruction by anyone to work off-the-clock or otherwise under report any working time; and (3) will not perform any off-the-clock work.

2.10    Defendant represents that its pay practices require payment for all hours worked and payment of proper overtime. Defendant represents that any instructions to work off-the-clock are contrary to company policy. Defendant has taken steps to better ensure that its pay policies are followed.

2.11    Except for those Rule 23 Class Members who exclude themselves in compliance with the procedures set forth above and in ¶ 3.2(C), all Rule 23 Class Members will be bound as applicable by the terms and conditions of this Rule 23 Class Action Settlement Agreement, the Rule 23 Final Approval Order, the judgment, and the releases set forth herein and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

### III.    APPROVAL AND NOTICE

3.1 On April 27, 2009, Class Counsel and Defense Counsel will submit this Agreement with Exhibits to the Court along with the Joint Motion for Order Conditionally Certifying Rule 23 Settlement Class and Preliminarily Approving Rule 23 Class Action Settlement Agreement and a proposed Rule 23 Preliminary Approval Order.

3.2 Notice and Claims Procedure for Rule 23 Class Members.

(A) Within ten (10) days of the Rule 23 Preliminary Approval Order, Defendant will provide the Claims Administrator with a list, in electronic form, of the names and last known addresses of all Rule 23 Class Members.

(B) Within ten (10) days after receiving the information described in ¶ 3.2(A) the Claims Administrator shall mail, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached as Exhibit A, the Opt-Out Statement in the form attached as Exhibit B, and the Settlement Claim Form and Release of Claims in the form attached as Exhibit C, to all Rule 23 Class Members using each individual's last known address.

(C) Any Rule 23 Class Member may request exclusion from the Class by "opting out." Rule 23 Class Members who choose to do so must submit a written and signed request for exclusion to the Claims Administrator, in the form attached as Exhibit B. To be effective, such Opt-Out Statements must be sent via First Class United States mail and postmarked by a date certain to be specified on the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which will be thirty (30) calendar days after the Claims Administrator makes the initial mailing of the Notice. The end of the "Opt-Out Period" shall be forty (40) calendar days after the last day on which the Claims Administrator makes the initial mailing under ¶ 3.2(B). The Claims Administrator shall stamp the postmark date on the original of

each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's counsel not later than three (3) calendar days after receipt thereof. The Claims Administrator shall also, within three (3) days of the end of the Opt-Out Period, file with the Clerk of Courts, with Social Security Numbers redacted, stamped copies of any Opt-Out Statements. The Claims Administrator shall, within three (3) business days of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendant's Counsel by e-mail.

(D) In the event that 450 or more Rule 23 Class Members elect to opt out of the settlement, Defendant shall have the right, in its sole discretion, to void this Agreement, by filing with the Court a Notice of Withdrawal. In no event shall Defendant file such a Notice of Withdrawal later than ten (10) calendar days after the end of the Opt-In Period. If Defendant files a timely Notice of Withdrawal, then the Civil Action will resume as it existed on November 6, 2008 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of the renegotiated settlement.

(E) Any Rule 23 Claimant claiming a settlement amount must also return a signed copy of a Settlement Claim Form and Release of Claims in order to receive any settlement amount, unless otherwise provided by Defendant. Within three (3) calendar days of receipt, the Claims Administrator will send a copy of the signed releases to Defense Counsel and Class Counsel via email and/or fax. The Settlement Claim Form and Release of Claims required under this ¶ 3.2(E) must be executed and received before any individual receives any settlement amount under this Agreement, unless otherwise provided by Defendant.

    (F)    Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statement must be sent to the Claims Administrator via First Class United States mail, and be received by the Claims Administrator by a date certain, to be specified on the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which shall be for each Rule 23 Class Member forty (40) days after the initial mailing by the Claims Administrator of such Notice. The Claims Administrator shall stamp the date received on the original and send copies of each objection to the Parties by e-mail and overnight delivery not later than three (3) calendar days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Courts within three (3) business days after the end of the Opt-Out Period. An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Rule 23 Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in this ¶ 3.2(F). Any Rule 23 Class Member who has submitted an Opt-Out form may not submit objections to this settlement. The Parties may file with the Court written responses to any filed objections not later than fourteen (14) calendar days before the Fairness Hearing.

3.3    Rule 23 Class Settlement Approval Procedures.

(A) Not later than ten (10) calendar days before the Fairness Hearing, the Parties will submit (1) a Joint Motion for Order for Final Certification of a Rule 23 Settlement Class and Final Approval of Rule 23 Class Action Settlement Agreement. The first draft of the Joint Motion for Order for Final Certification of a Rule 23 Settlement Class and Final Approval of Rule 23 Class Action Settlement Agreement will be completed by Defendant with the approval and contribution of Plaintiffs. The Fairness Hearing shall be held on July 13, 2009.

(B) At the Fairness Hearing, the Parties will request that the Court, issue a Rule 23 Final Approval Order containing all of the following, among other things:

(1) Certifying the Settlement Class;

(2) Dismissing Plaintiffs' First Amended Complaint on the merits and with prejudice and permanently barring all Rule 23 Class Members, including the Class Representatives, from prosecuting against any Released Parties any of the Rule 23 Released Claims and issuing a judgment entry to that effect;

(3) Granting final approval to the Rule 23 Class Action Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

(4) Retaining jurisdiction to enforce the terms of the settlement.

## IV. **PAYMENTS HEREUNDER**

4.1 The Rule 23 Class Members are responsible for making any Court-approved required payments in excess of $40,000.00 to the Claims Administrator from the Rule 23 Settlement Fund (in which case the Rule 23 Settlement Fund will be reduced by any such required Claims Administrator payment), or for making alternative arrangements for payment of excess

amount. In the event this Agreement is voided or Court approval of the entire settlement is not obtained, there will be no refund of any amount already spent for Claims Administrator fees and costs.

4.3  The Rule 23 Settlement Fund amount includes all of Plaintiffs' attorneys fees and costs associated with the Rule 23 Class Members.

4.4  Attorneys fees and costs as provided hereunder are to be approved by the Court; Defendant will authorize the Claims Administrator to make payment to Class Counsel for the Court-approved attorneys fees and expenses not to exceed $130,000.00 in total for the Rule 23 Settlement at an anticipated date no later than October 30, 2009, provided that all final Court approvals contemplated under this Agreement and the expiration and exhaustion of any appeals have occurred by that date. At least seven (7) days prior to the date of payment, Class Counsel will provide Defendant with the tax-payer identification numbers for Class Counsel, an executed W-9 form and wire instructions.

4.5  Except as otherwise provided herein and the anticipation of the motion by Class Counsel to have attorneys fees and costs approved as contemplated herein, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

4.6  As to funding with respect to the Rule 23 Settlement Fund: $390,000.00 will be placed into escrow within six (6) months of the Rule 23 Preliminary Approval Order and will be paid out at an anticipated date no later than October 30, 2009, provided that all final Court approvals contemplated under this Agreement and the expiration and exhaustion of any appeals have occurred by that date.

4.7     The escrow deposits referred to in this Agreement are to be made to Esquire Bank, New York, New York and interest on all escrow deposits is to accrue to the benefit of Plaintiffs.

4.8     Within (20) days following all final Court approval contemplated under this Agreement and the expiration and exhaustion of any appeals have occurred, the Parties will authorize the transfer of the amounts placed in escrow to the Claims Administrator for processing of the settlement checks in accordance with this Agreement. Payments to any Rule 23 Class Members are to be made as payment of wages with appropriate withholding and tax reporting. The funds will be paid in the form of a check with the Federal, State, and Local wage withholding taxes withheld and reported to the appropriate taxing authority. The Claims Administrator shall be responsible for remitting to the tax authorities all payroll taxes for payments out of the Rule 23 Settlement Fund. Defendant will withhold the employer's portion of the withholding and pay that amount out of Defendant's funds outside the Rule 23 Settlement Fund. Defendant shall issue to each Rule 23 Claimant receiving payment a W-2, for the year they receive the monies, and a 1099 in the appropriate amount to Class Counsel. Defendant shall be solely responsible to pay for all "employer-sided" taxes as required as a result of said payments, and Plaintiffs shall be solely responsible to pay for all "employee-sided" taxes required as a result of said payments.

4.9     The Rule 23 Settlement Fund will be either personally guaranteed by Jerry Anderson, or paid into an acceptable trust or assured by bond, and disbursed as indicated herein at the time of execution of this Agreement.

4.10    Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, Defendant's bonus, pension, any 401(k) and/or other retirement plans or similar programs.

V.     **RELEASE**

    5.1   Release of Claims.

    (A)   By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, Plaintiffs, Class Counsel, and Class Representatives, on behalf of each individual Rule 23 Class Member, hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendant, and the Released Parties, from any and all past and present matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, related to any wage-related disputes (including related retaliation claims) and claims including those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.* and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§4111.01, *et. seq.* (whether asserted in the Civil Action or not) which any such Rule 23 Class Member has or might have, known or unknown, of any kind whatsoever ("Rule 23 Released Claims"). The foregoing release does not include wage related claims brought pursuant to Title VII, the Family and Medical Leave Act, ERISA, the Americans with Disabilities Act or the Age Discrimination in Employment Act.

    5.2   Plaintiffs, Class Counsel, and Class Representatives, on behalf of the class and each individual Rule 23 Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant and Released Parties for attorneys fees and costs associated with Class Counsel's representation of the Rule 23 Class in connection with the Rule 23 Released Claims. Plaintiffs, Class Representatives, and Class

Counsel understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys fees and costs associated with Class Counsel's representation of those individuals for any wage claims held by members of the class in connection with the Rule 23 Released Claims.

5.3 Class Counsel represent that they have no personal knowledge of any other technicians or former technicians wishing to join in this case, or of any other persons wishing to assert claims against Defendant, DISH Network, or any of their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, for any wage-related claim including any party that was or could have been named as a defendant in the Civil Action.

5.4 Class Counsel, Class Representatives, and Plaintiffs, on behalf of the Rule 23 Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including but not limited to, any interest in the Civil Action, or any related action.

5.5 Any Rule 23 Class Member who does not submit a timely Opt-Out Statement will be deemed to have entered into this release in Section 5 and to have released the above-described claims against the Released Parties even if the Rule 23 Class Member does not submit a Settlement Claim Form and Release.

## VI. PARTIES' AUTHORITY

6.1 The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto the terms and conditions thereof.

6.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

6.3    The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing will advise all Rule 23 Class Members, of the binding nature of the release in this Agreement, with or without additional action by them other than an opt-out by member of the Rule 23 Class Members.

## VII.    MUTUAL FULL COOPERATION

7.1    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

7.2    The Parties agree to a time line for submittal to Court of all necessary papers, including but not limited to approval papers, understanding that they will begin and complete the process in a reasonable, practicable, and expeditious manner and so as to facilitate the approval, notice, and payment schedule in a timely and workable manner. The Parties anticipate a schedule that will require nine (9) months for completion of initial papers, preliminary approval, plan and notice, opt outs and fairness hearing; it is intended that the Parties move expeditiously to accomplish such schedule.

7.3    If the Parties disagree over any of the term(s) of this Agreement, or any negotiation of, compliance with, or implementation of said terms, and cannot resolve such issues by themselves, the Parties agree to promptly submit such issue(s) to mediation with Jerry Weiss. If

the Parties cannot then reach agreement, the mediator will have the authority to make a binding determination.

7.4    The Parties are to execute all documents necessary for settlement as intended under this Agreement.

## VIII.    NOTICES

8.1    Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiffs/Settlement Class:

| | |
|---|---|
| John S. Marshall<br>Edward R. Forman<br>Marshall & Morrow, LLC<br>111 West Rich Street, Suite 430<br>Columbus, Ohio 43215-5296 | Robert E. DeRose<br>Robert K. Handelman<br>Barkan Neff Handelman Meizlish, L.L.P.<br>360 South Grant Avenue<br>P.O. Box 1989<br>Columbus, Ohio 43216 |

To Defendant:

Jill S. Kirila
Susan M. DiMickele
Amy Ruth Ita
Squire, Sanders and Dempsey L.L.P.
41 South High Street
2000 Huntington Center
Columbus, OH  43215

## IX.    MODIFICATION

9.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## X.    ENTIRE AGREEMENT

10.1    This Agreement, its attachments, and the Confidential Settlement Agreement (filed under seal), and its attachments, and the November 26, 2008 Memorandum of Agreement,

attached as Exhibit H to the Confidential Settlement Agreement (filed under seal), constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between the Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

## XI. CHOICE OF LAW / JURISDICTION

11.1 This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division (Judge Algenon L. Marbley; Magistrate Judge Norah McCann King). This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XII. COUNTERPARTS

12.1 This Agreement may be executed in counterparts, and when each party has signed and delivered at least on such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constituted one Agreement, which shall be binding upon and effective as to all Parties.

## XIII. VOIDING THE AGREEMENT

13.1 <u>Grounds for Voiding Settlement.</u> Any Party may void this Agreement if:

(A) The Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the

Rule 23 Preliminary Approval Order or the Rule 23 Final Approval Order applicable to this Agreement;

(B)  The settlement as agreed does not become final for any other reason; or

(C)  If there are 450 or more opt-outs in the Rule 23 class settlement, unless expressly agreed in writing by all Parties.

13.2  If this Agreement is not approved or is voided, there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on November 6, 2008.

13.3  Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

Of Counsel:

Susan M. DiMickele (0064837)
Amy Ruth Ita (0074520)
SQUIRE, SANDERS & DEMPSEY L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)

Respectfully submitted,

Jill S. Kirila (0068593) (Trial Attorney)
SQUIRE, SANDERS & DEMPSEY L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)

Attorneys for Defendant Digital Dish, Inc.

John S. Marshall (0015160) (Co-Lead Counsel)
Edward R. Forman (0076651)
MARSHALL & MORROW, LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
(614) 463-9780 (facsimile)

Robert E. DeRose (0055214) (Co-Lead Counsel)
Robert K. Handelman (0019589)

- 18 -

BARKAN NEFF HANDELMAN MEIZLISH, L.L.P.
360 South Grant Avenue
P.O. Box 1989
Columbus, Ohio 43216
(614) 221-4221
(614) 744-2300 (facsimile)

Attorneys for Plaintiffs