IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC MUSARRA, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. C2-05-545 |
| | : | |
| v. | : | JUDGE ALGENON MARBLEY |
| | : | |
| DIGITAL DISH, INC., | : | Magistrate Judge Norah M. King |
| | : | |
| Defendant. | : | |

### ORDER CONDITIONALLY APPROVING SETTLEMENT

This matter is before the Court on the parties' Joint Motion for Order Conditionally Certifying Rule 23 Settlement Class and Preliminarily Approving Rule 23 Class Action Settlement Agreement (doc. no. 227). Having reviewed the proposed settlement agreement, notice materials, and briefs of the parties, the Court finds that the proposed settlement class satisfies the class-qualifying criteria set forth in Federal Rule of Civil Procedure 23(a) and 23(b)(3). *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998) (proposed settlement class must satisfy requirements of Fed. R. Civ. P. 23); *In re Inter-Op Hip Prothesis Liab. Litig.*, 204 F.R.D. 330, 338 (N.D. Ohio 2001) (same). The Court also finds that the proposed settlement should be preliminarily approved under Fed. R. Civ. P. 23(e) because it appears to be non-collusive, within the range of possible approval, and a fair and reasonable resolution of a bona fide dispute between the Defendant and all affected employees. *Reed v. Rhodes*, 869 F.Supp 1274, 1278 (N.D. Ohio 1994). The Court's evaluation of the proposed settlement did not disclose "grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys**."** *In re Inter-Op*, 204 F.R.D. at 350, quoting *Manual for Complex*

*Litigation Third* §30.41 (1995).  Finally, the Court finds that the attorneys fees requested in the joint motion are reasonable.  Therefore, the Court **GRANTS** the parties joint motion.

The Court **ORDERS** as follows:

- The Court certifies, for the purposes of settling the overtime wage portions of the Plaintiffs claims only, a settlement class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Class includes all job-based technicians employed by Defendant between August 10, 2006 and December 31, 2008.

- The Court appoints Named Plaintiffs Brian Westfall, Tom Denney, Joseph Addington, Aaron Ross, and Darryl Hall as class representatives of the Rule 23 Class.

- The Court appoints the Plaintiffs' attorneys as Class Counsel for the Rule 23 Class.

- The Court grants preliminary approval of a settlement of claims as set forth in the Rule 23 Class Action Settlement Agreement ("Rule 23 Agreement") (doc. no. 227, Ex. 1) and the settlement of claims as set forth in that agreement ("the Settlement").

- The Court approves the Plaintiffs' transmission to the Rule 23 Class Members of a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached to the Rule 23 Class Action Settlement Agreement as Exhibit A), a proposed Opt-Out Statement (attached to the Rule 23 Class Action Settlement Agreement as Exhibit B), and a proposed Settlement Claim Form and Release of Claims (attached to the Rule 23 Class Action Settlement Agreement as Exhibit C) (collectively "Notice Materials").

- The Court sets a **Fairness Hearing on July 13, 2009, at 9:00 a.m.** for final approval of the Rule 23 Class Action Settlement Agreement and Settlement.

**IT IS SO ORDERED.**

                                        s/Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **United States District Court Judge**

**DATE: April 28, 2009**